JOHN D. LAUGHLIN, SURVIVING EXECUTOR, *v.* MAGDALINE O'REILEY.

[45 South., 193]

1. PARTITION.  *Parties who may sue.  Executors.*

Executors have primarily nothing to do with real estate and cannot sue to partition it.

2. SAME.  *Tenancy in common.  Unity of possession.*

Unity of possession is all that is needed to constitute tenancy in common, regardless of the time of its commencement, quantum of interest, or source of title.

3. SAME.  *Will.  Renunciation by widow.  Code 1892, § 4499.*

Where a testator devised land to his executors to be sold for the payment of special legacies, and made them residuary legatees and devisees, and the testator's widow renounced the will, under Code 1906, § 4499, authorizing such proceeding, and took an undivided one-half interest in the land by inheritance, she and the executors became tenants in common and entitled to sue for partition of the land.

FROM the chancery court, Warren county.

HON. J. S. HICKS, Chancellor.

Laughlin, surviving executor, appellant, was complainant in the court below.  Mrs. O'Reiley, appellee, was defendant there.

From a decree sustaining a demurrer to the bill complainant appealed to the supreme court.

*M. Dabney* and *Bryson & Dabney,* for appellant.

*Gordon* v. *James,* 86 Miss., 719, 39 South., 18, 1 L. R. A. (N. S.), 461; 21 Enc. Law (2d ed.), pp. 1134, 1156; *Hall* v. *Reese's Heirs,* 24 Tex. Civ. App., 221, 58 S. W., 974; *Morse* v. *Morse,* 85 N. Y., 53; *Horsfield* v. *Black,* 40 App. Div., 264, 57 N. Y. Supp., 1006; *McLean* v. *McLean,* 66 Hun, 631, 21 N. Y. Supp., 326; *Clayton* v. *Boyce,* 62 Mis., 390; *Weaver* v. *Williams,* 75 Miss., 945, 23 South., 649; 11 Enc. Law (2d ed.), pp. 1035, 1036, and notes; *Greenland* v. *Waddell,* 116 N. Y., 234, 22 N. E., 367, 15 Am. St. Rep., 400; *Kane* v. *Gott,* 24 Wend. (N. Y.), 641, 35 Am. Dec., 641; *Porter* v. *Stone,* 70 Miss., 291, 12 South., 208; *Snell* v. *Harrison,* 131 Mo., 495, 32 S. W., 37, 52 Am. St. Rep., 642; *Page* v. *Webster,* 8 Mich., 263, 77 Am. Dec., 446; *Anderson* v. *Butler,* 31 S. C., 183, 9 S. E., 797, 5 L. R. A., 166.

*Frank Johnston,* on the same side.

17 Am. & Eng. Enc. of Law (2d ed.), p. 958, and cases cited in note 3; *Smith* v. *Gaines,* 38 N. J. Eq., 65; *Gallie* v. *Eagle,* 65 Barb. (N. Y.), 583; *Jewett* v. *Perrete,* 127 Ind., 97, 26 N. E., 685.

*McKnight & McKnight,* for appellee.

Hopkins on Real Property, 336; *White* v. *Lefoldt,* 78 Miss., 173, 28 South., 818; *Temple* v. *Hammock,* 52 Miss., 367.

Argued orally by *Frank Johnston,* for appellant, and *Theodore McKnight,* for appellee.

CALHOON, J., delivered the opinion of the court.

Laughlin, the surviving executor of the will of John R. M. O'Reiley, seeks partition of part of the real estate of the testa-

tor to pay legacies which aggregate more than $50,000. The final decree in the proceeding sustains a demurrer to the bill, and the executor appeals.

Of course, an executor, merely as such, has primarily nothing to do with the real estate, and cannot under ordinary circumstances maintain a bill to partite land. The question is whether he can under this will. The will of O'Reiley is made an exhibit to the bill. This will in its second item makes special legacies to seventeen different persons, aggregating about $54,000. Item 3 of it is in the following words, viz.: "I hereby nominate, constitute and appoint J. D. Laughlin and H. C. McCabe, of Vicksburg, Mississippi, as the executors of this my last will and testament and charge upon them the legal and moral duty of carrying out my wishes, as I have directed, and to that end I convey them in fee all property of which I shall die seized and possessed, real, personal and mixed, and authorize them to sell the same and all and every part thereof as soon after my death as practicable, either for cash or on credit and to pay all the legacies named above. But should the proceeds of such sale be insufficient to pay all of said legacies in full, then such proceeds shall be prorated between all the legatees named above, each legatee to have such portion of the proceeds as the amount devised to him or her bears to such proceeds, except that Claudia Brooks, Fannie Slocumb and Annie Slocumb shall each have the five hundred dollars devised to them in any event." Item 4 is in these words, viz.: "In the event of the death of either of my executors named above, then I authorize and empower the other to act alone and to execute this will and with the same force and effect that the two could jointly." Item 6 is in the following words, viz.: "All the rest and residue of my estate not hereinbefore devised I give to my executors in fee share and share alike."

The will was executed March 29, 1900. The bill shows that Laughlin is the surviving executor, McCabe having died, and that John R. M. O'Reiley, the testator, died February 8, 1905, leaving no children or descendants of children;

that after the execution of the will, and on June 28, 1906, Magdaline O'Reiley, the widow of the decedent, renounced under the will and elected to take her legal share in the estate; that all the personal property owned by the testator has been sold, and that the executors by the will were vested with the legal title in all the property; that the executors took possession of all the real estate "jointly with the widow," and have since collected the rents and have the proceeds on deposit, except so much of it as has been paid on debts and expenses; that McCabe, the coexecutor, died on May 20, 1907, and that the complainant succeeded to and became vested with all the rights, powers, and interest of both; that by the will the executor is charged with the duty of selling the property to pay the legacies, one of which legacies is to the complainant, Laughlin, himself, in the sum of $2,500, and that he, as surviving executor, is also by the will made the residuary legatee and devisee of one-half of the whole estate after payment of debts and legacies; that upon the renunciation by the widow the executors were divested of title to half the property, which, under the statute, descended to the widow, and that thereby she became, as to her undivided one-half interest, a tenant in common with the executor, and that now he, as surviving executor, and the widow, own the real estate as tenants in common; that a part of the estate (describing it) can be divided in kind, and that the remainder cannot be so divided; that, if the executor were compelled to sell the undivided interest of the decedent in the property in bulk, it would not sell for more approximately than one-half its value; that it would be gross injustice to him as legatee and devisee and the other legatees to force a sale of the undivided interest; that justice demands a sale in severalty, the proceeds to be divided according to the interests of the parties, that such as is capable of division in kind be partited, and that his interests a executor be set apart, so that he may dispose of his share; that no harm could come to the widow by a partition of the land in the county and a sale of the city lot and division of the proceeds as interests may require; that it appears there is a deficiency in the assets to pay debts, which can only be

made up from the proceeds of the sale of the town lot described in the bill, by a decree of partition of the real estate in kind as to the quarter section of land in the country, and for a sale of the other lot and division of the proceeds, and for general relief, and all this is prayed for.

The authorities pro and con will be found in the briefs of counsel respectively, and we need only state our conclusions from a careful examination. On the facts we think it plain that the widow, on renunciation, became a tenant in common with the executors, and survivor of them, of all the property. The executors were vested with title in fee expressly to carry out the design and object of the testator. It is true that, when O'Reiley, executed the will, he had neither wife nor children. If he had died without either, the powers of the executors would have been, as would have been their duty, to sell the land to pay the debts and legacies. But he married shortly before he died, and therefore the executors had not the same power over the undivided interest which the widow took as statutory heir, and the power of the executor, in order to comply with the order of the will, was limited to the other undivided half interest. The will expressly conveys to the executor the fee simple for the very purpose of sale for distribution, and this requirement applied to all of the land and personal property which the testator owned. It would be curious, indeed, if courts of equity were powerless to require partition and prevent the sacrifice of the rights of the legatees.

The executors have possession as tenants in common. Unity of possession is all that is needed to constitute tenancy in common, regardless of the time of its commencement, quantum of interest, or source of title. Here the widow took one-half as heir and the executors took under the will. She, of course, could sue the executor, under this particular will, for partition, and so can the executor sue her for it. The demurrer to the bill should have been overruled.

Reversed and remanded, with thirty days to answer, if desired, from date of the filing of the mandate below.

*Reversed and remanded.*