MARY JONES *v.* DAVID S. JONES, EXECUTOR, ETC.

[49 South. 115.]

ESTATES OF DECEDENTS. *Wills. Renunciation by widow. Code* 1906, § 5089. *Commissioners to ascertain widow's interest. Executor may petition for. Parties.*

A petition for the appointment of commissioners to ascertain the share of the widow renouncing the will of her deceased husband, under Code 1906, § 5089, governing such cases, may be brought by the executor, all parties in interest including devisees and legatees as well as the widow being made defendants; but such a proceeding is premature if begun before it can be reasonably determined what part of the estate will be left for distribution after the payment of creditors.

FROM the chancery court of Leflore county.

HON. M. E. DENTON, Chancellor.

David S. Jones, executor of the will of Benjamin L. Jones, deceased, appellee, was complainant in the court below; and Mrs. Mary V. Jones, widow of the said decedent, appellant, was defendant there. From a decree overruling the defendant's demurrer to the petition of the executor for the appointment of commissioners to ascertain the share of decedent's estate to which the widow who had renounced the will, was entitled, defendant appealed to the supreme court.

The opinion of the court states the facts.

Code 1906, § 5089, applicable to the case, is as follows: "In

case the wife have a separate property at the time of the death of her husband, equal in value to what would be her lawful portion of her husband's real and personal estate, and he have made a will, she shall not be at liberty to signify her dissent to the will, or to renounce any provision or bequest therein in her favor, and elect to take her portion of his estate. But if her separate property be not equal in value to what would be the value of her portion of her husband's estate, then she may signify her dissent to the will, as in other cases provided by law, and claim to have the deficiency made up to her, notwithstanding the will; and the court in which the will is probated may appoint three commissioners to ascertain by valuation of the estate what her lawful portion thereof would be worth, and the commissioners shall also value her own separate estate, and report their valuation to the court, whereupon the court shall make the proper order for allowing her to share in her husband's real and personal estate to make up the deficiency after the following rule: If her separate property be equal in value to two-thirds of what she would be entitled to, she shall have one-third of her lawful portion of the land and one-third of what would be her distributive share of the personalty. If her separate property be worth half in value what she would be entitled to, then she shall be entitled to half her lawful portion of real estate and half of what would be her distributive share of the personalty. If her separate property be worth only one-third in value what she would be entitled to, then she shall be entitled to two-thirds of her lawful portion of real estate and two-thirds of what would be her distributive share in the personalty. But this section shall not preclude or prevent any married woman from renouncing the provisions of her husband's will, and electing to take her lawful portion, if her separate property do not amount in value to one-fifth of what she would be entitled to. This section shall apply to a husband renouncing the will of his wife, and shall govern as to his right to share in her estate in such case."

*Gwin & Mounger,* for appellant.

The demurrer of the appellant should have been sustained. The petition is filed by the executor alone. Under the will he has nothing whatever to do with the distribution of the estate. It passes to the devisees as tenants in common, and all the executor has to do with the estate is to see that the debts are paid and the property collected and preserved for proper distribution. Upon the renunciation of the will, the widow, the appellant, became a tenant in common with the devisees. The petition shows that the estate consists of large bodies of real estate and personal property. The only cause for appraisement at this time, as set forth in the appellee's petition, is the desirability of making arrangements for cultivating the lands next year. In this the executor can have no interest, whatever.

The devisees are not parties to the proceeding and will not be bound by the finding of the appraisers if appointed. The effort is to bind the widow, but leave the devisees free to institute other proceedings if they are dissatisfied with the appraisement. Code 1906, § 5089, is difficult to understand, but it is clear that the proceedings in which the value of the estate of the decedent is to be determined, and in which it is charged that the widow's separate property exceed in value one-fifth of what she would be entitled to," must be instituted, and this charge made, by someone who is interested in the outcome of the proceedings and such proceedings must bind all parties interested in the decedent's estate.

Upon the renunciation of the will by the widow the real estate of the decedent passed by law directly to the devisees and to the widow as tenants in common, subject to the rights of creditors of the decedent to have their debts paid therefrom, after the personal estate has been exhausted. The personal property passed to the executor for the purpose of paying the debts of the decedent and for preservation for subsequent distribution of the balance remaining after the debts are paid. The record shows that the statutory period of one year allowed

to creditors in which to probate their claims has not expired. Until the time for the probate of claims against the estate has expired, it is impossible to determine how much decedent's debts amount to, or how much of the property will be required for the payment of these debts; and, therefore, until the expiration of this year, it is impossible for any commissioners to determine the value of the decedent's estate.

*Coleman & McClurg,* for appellee.

Code 1906, § 5089, is plain and unambiguous. When the will was renounced by appellant, it became the duty of the court below to appoint three commissioners to ascertain by valuation of the estate what her lawful portion thereof would be worth. The demurrer admits that the widow has a separate estate, more than one-fifth as large as that of her deceased husband, and she is entitled to have set apart to her not only a part of the real, but also of the personal estate of the decedent to make her estate equal in value to that of the decedent. The law is thus written, and nothing is said therein as to whose rights are affected or what notice, if any, shall be given to anyone. The chancery court, under Code 1906, § 554, can adjust and determine all such questions upon the coming in of the report of the commissioners.

The executor has sufficient interest in the estate to warrant his instituting this proceeding. Any person interested in the estate can institute proceedings under Code 1906, § 5089, to have commissioners appointed.

MAYES, J., delivered the opinion of the court.

Benjamin L. Jones died on the 13th day of August, 1908, leaving a last will and testament wherein David S. Jones was made executor without bond. The deceased having a fixed place of residence in Leflore county, the will was in due course admitted to probate in the chancery court of that county. The will was probated August 19, 1908. On October 24th follow-

ing, the executor filed a petition in the chancery court of Leflore county, making Mary V. Jones, widow of Benjamin L. Jones, deceased, a party defendant. The will contained only the following reference to the wife; that is, it provided that "after the payment of all my just debts, as my wife has a separate estate very nearly, if not entirely equal to mine, I devise all of my estate, real and personal, etc., to my brothers and sisters, and their descendents, in equal parts," etc. In short, it made no provision for her because of the reason stated therein. The petition was filed by the executor October 24, 1908, and is a proceeding under Code of 1906, § 5089, and alleges that the widow renounced the will October 22, 1908, and thereupon became entitled to such share of her deceased husband's estate, real and personal, as she would have been entitled to if her husband had died intestate. It is further alleged that there were no children or descendants of children, and that the widow owns a large estate of real and personal property greatly in excess of one-fifth of the estate left by the decedent. It is further charged that the widow, by virtue of the renunciation of the will, is entitled to receive from her deceased husband's estate enough of same to make the value of her estate equal to his at the time of his death, and in order to ascertain this amount and make up the deficiency it is necessary that the court appoint three commissioners to ascertain the value of both estates and report their valuation to the court as the law provides. It is further alleged that this proceeding is necessary in order to enable the executor to proceed to execute the will. To this bill a demurrer was interposed by the defendant, setting up, first, that the executor has no such interest as would entitle him to bring this suit; second, that those named as devisees in the will are not made parties to the proceeding; and, third, because the petition is prematurely filed. This demurrer was overruled by the chancellor, and an appeal is prosecuted from the decree to settle the principle of the cause.

It will be noted, first, that the death of the testator occurred

August 13, 1908. The will was probated and allowed on the 19th of August, and this petition was filed on the 24th day of October, and before the expiration of the one year allowed for filing and probating claims. Under Code of 1906, § 2137, any proceeding which has for its object any distribution of the estate before the expiration of one year from the grant of letters testamentary is not permissible, and this petition must be dismissed as being premature, it having been filed before it can reasonably be determined what part of the estate will be left for distribution after the payment of creditors, but since the appeal is for the purpose of settling the principle of the cause, we will decide all the questions raised by the demurrer.

It is argued that the executor has no such interest in the estate as would warrant his instituting this proceeding. We do not think this position is sound. Any person interested in the estate, or connected with its administration under Code 1906, § 5089, may institue proceedings to have commissioners appointed as provided for in the section for the purpose of ascertaining the value of the estate of the wife, and to determine what her lawful portion of her husband's estate should be. But, while this is true, by whomsoever the proceedings may be instituted, it is necessary to make all interested persons parties to the proceeding.

Decree *reversed* and petition *dismissed.*