SIMPSON ET AL. *v.* SIMPSON.

[82 South. 3, Division A.   No. 20496.]

3. WILLS. *Renunciation by widow having separate estate. Apportion-*
The fact that a widow contested the validity of a will did not preclude or estop her from renouncing such will thereafter.

2. WILLS. *Provisions for widow. Renunciation. Time. Authority of court.*
The right of a widow under Code 1906, section 5086, to renounce her husband's will when "satisfactory provision," is not made for her, may be exercised by her at any time within six months after the probate of the will, and what is a "satisfactory provision," is to be determined by the widow and not by the court, although under section 5089, Code 1906, if the wife of the deceased husband has a separate property at the time of the death of her husband equal in value to what would be her lawful por-

tion .of her husband's property, that is one-half, she cannot dis-
-sent to the will.

3. WILLS. *Renuncation by widow having separate estate. Apportion-*
*ment. Procedure.*

The proper procedure, where the widow has a separate estate
which other beneficiaries under the will desire shall be counted
against her in her apportionment from the estate of the de-
ceased husband, is for them to file a petition with the court
in which the will was probated and renounced, stating the fact
which would warrant the court in decreeing proper apportion-
ment in compliance with the provision of section 5089, Code
1906, but this petition could not be heard and determined by the
court until twelve months after the probate of the will and
before the estate is finally settled by the court.

APPEAL from the chancery court of Bolivar county.
HON. JOE MAY, Chancellor.

Proceeding to probate the will of S. J. Simpson, de-
ceased. The widow, Mrs. Mary M. Simpson, having
renounced the will, Geo. H. Simpson and another, bene-
ficiaries, filed a protest which was stricken from the
files and they appeal.

The facts are fully stated in the opinion of the court.

*Robert Mayes, Robert Powell,* and *Green & Green,*
for appellant.

*J. W. Cutrer,* for appellee.

HOLDEN, J., delivered the opinion of the court.

S. J. Simpson died, leaving a will in which he de-
vised his property to his wife and certain other legatees
named therein. When the will was offered for pro-
bate the widow, the appellee, Mrs. Mary M. Simpson,
filed a *caveat* against the probate, and contested the
validity of the will. Upon the trial of the issue of
*devisavit vel non* the will was decreed to be valid, and
was ordered probated. Whereupon the appellee, who

was the sole heir at law of the deceased, renounced the will in the manner and form provided by section 5086, Code of 1906. Subsequently, the appellants, who were the other beneficiaries named in the will, undertook to file what they termed a "protest" against the renunciation, seeking to have the court below determine that the renunciation was inaffective and not operative for several reasons, some of which were: That the renunciation was not made within six months after the probate; that by reason of the fact that the widow had contested the will she was estopped from renouncing the provisions in her favor, and that because the will made satisfactory provision for her; that the said Mary M. Simpson has a large separate estate of her own. And it is argued in the briefs that "satisfactory provision" was for the determination of the court. When this protest against the renunciation was filed, the appellee, Mrs. Simpson, filed a motion to strike the protest from the files, because the right to renounce the will was vested in the appellee by statute and was a privilege which she might exercise at any time within six months after the probate of the will; and because the court was without jurisdiction to entertain any protest against the renunciation, especially such protest as was filed by the protestants in the lower court. The motion to strike the so called protest to the renunciation was sustained by the chancellor, and from this action of the court this appeal was prosecuted.

The renunciation of the will here in question was not made and filed within six months of the time of the filing of the will for probate, but was made by the appellee within six months after the probate of the will, which is all that is required by the statute. The fact that the appellee contested the validity of the will did not preclude or estop her from renouncing the will thereafter.

The right of the widow to renounce the will of her deceased husband when satisfactory provision is not made for her therein is a statutory right which may be exercised by the widow at any time within six months after the probate of the will, and such renunciation is not open to question by the court.

The contention is made here by the appellants that the language of the statute "and does not make satisfactory provision therein" means that the court is to determine what is or is not a satisfactory provision in the particular will. This view is unsound. The "satisfactory provision" is not to be determined by any court, but is to be determined solely by the widow. And when the widow or the husband signifies dissent to the will of the other, either one may renounce it in the manner provided by the statute.

It is true that under section 5089, Code of 1906, if the wife of the deceased husband has a separate property at the time of the death of her husband equal in value to what would be her lawful portion of her husband's property, that is, one-half she cannot dissent to the will. But if her separate property be not equal in value to what would be the value of her portion of her husband's estate, then she may renounce as provided by law and have the deficiency made up to her out of the property of the deceased husband.. In such case the court is empowered to appoint commissioners to ascertain and apportion the mount of property to come from the estate of the deceased which she would be entitled to under the statute.

However, the proper procedure to be followed in such cases is that where the widow has a separate estate which the other beneficiaries under the will desire shall be counted against her in her apportionment from the estate of the deceased husband, they should file a petition with the court in which the will was probated and renounced, stating the facts which would warrant

the court in decreeing proper apportionment in compliance with the provisions of section 5089, Code of 1906. This petition, of course, could not be heard and determined by the court until twelve months after the probate of the will and before the etate is finally settled by the court. *Jones* v. *Jones,* 94 Miss. 460, 49 So. 115.

The alleged protest filed by the appellants to the renunciation of the will by the appellee was an improper and premature proceeding. Therefore, the lower court made no error in sustaining the motion to strike it from the files.

We think that section 5086 and 5089, Code of 1906, are unambiguous and easy to follow in cases that arise under them.

The decree of the lower court is affirmed, and the case remanded. .

*Affirmed and remanded.*