Mr. Justice Thachek
delivered the opinion of the court.
This is an appeal from the decree of the probate court of Lawrence county, in the matter of a petition by a distributee of an estate, which charged the administrator with neglecting to insert in his inventory of the estate certain property appertaining thereto, and certain claims against himself.
The mode of proceeding in such cases is regulated by laws H. & H. 404, sec. 67, 68. It is here provided, that any person interested in an administration may proceed by petition *140 in the probate court; and the court, by consent of parties, may decide upon the same, or it may be referred or determined, by an issue to be tried in the circuit court. These modes of proceeding establish the fact, whether or not the administrator should give in the claim or claims against himself, and if he fail to account therefor as money, his bond may be put in suit. Kelsey v. Smith, 1 How. 68.
In this cause it does not expressly appear, that the probate court of Lawrence county was called upon by the consent of parties to decide upon the merits of the petition; but as the parties proceeded before that tribunal to introduce their evidence and discuss the cause, such consent may be presumed.
The chief object in controversy related to a slave called Smart, or his value, which is alleged to have been received by the ad-' ministrator prior to his administration, and before the decease of his intestate. On the part of the distributee petitioning, this slave was alleged to be the issue of a slave, in whom the intestate had but a life estate; and upon the part of the administrator the slave was alleged to be the property of his children, by virtue of a deed of gift from the intestate, their grandmother. The matter was resolved into a dispute for the value of the slave, since, by the result of legal proceedings in South Carolina, between the intestate in her lifetime and others, the property had been reduced to money. If the intestate had but a life estate in the slave, as a matter of course, it could not be deemed assets of her estate at her decease, but vested in the residuary legatees. If she had a title in fee to the property, her deed of gift to her grandchildren was valid, and the property was in that event not a proper credit to her estate. The preponderance of the evidence, in our estimation, would carry the case in favor of the administrator, as presented by this record, and not for the distributee. Moreover, upon the hearing, the distributee was permitted to read a copy of the will of William Ratcliff, under which the title of the intestate to the slave was claimed, when this will did not appear to have been probated in the proper court of this state, or certified according to the act of Congress of May 26, 1790, prescribing the mode in which the public acts, records and *141 judicial proceedings in each state shall be authenticated, so as to take effect in every state. H. & H. 388, sec. 13; Melvin v. Lyons 10 S. & M. 78.
Upon a view of the whole case, we think the decree of the probate court was erroneous at least, for the reason that it was made upon evidence improperly before it, and we think also, that it is a state of case peculiarly adapted for the examination and finding of a jury, which, under the statute, may be had at the instance of either party upon a rehearing. 5 S. & M. 409.
The decree is therefore reversed, and the cause remanded.