# McCallum's Estate.

*Will—Construction—Widow.*

Doubts in the construction of a will are to be resolved in favor of a widow accepting the provisions of a will in lieu of her rights under the intestate law.

*Joint tenancy—Survivorship—Will—Act of March 31, 1812, Sm. L. 395.*

The Act of March 31, 1812, 5 Sm. L. 395, merely takes away survivorship as an incident of joint tenancy. It makes no change where the estate is created by will or where it is expressly provided for by deed and whether or not survivorship was intended depends not upon the precise language of the instrument or the form of construction but upon the meaning to be gathered from the will or deed in its entirety.

*Will—Widow—Gift of income—Widow's surviving daughter.*

Testator, by his will, authorized the sale of certain real estate and directed that if the sale be made in the lifetime of his widow or daughter A or in the lifetime of the survivor of them, the proceeds should be held in trust during the lifetime of his wife and daughter A and of the survivor of them, and that during the lifetime of the wife the income of the trust fund should be paid to her and the daughter A equally. After the widow's death if A survived, a different disposition of the income was directed, and after the death of the wife and A, the principal was given one half to a daughter M and one fourth to each of two sons. The residue of the estate was also given to the two sons. The daughter A died before the widow. After the death of M, her child claimed a present award of half the trust fund. *Held,* that the wife was entitled to the entire income from the trust fund for life.

*Executors and administrators—Commissions—Lease of real estate—Payment of taxes by tenant.*

Executors and trustees who lease real estate under leases that contain a provision that the tenants are to pay the taxes, etc., are entitled to a commission of five per cent upon the gross amount the tenants are required to pay.

Argued Jan. 6, 1905. Appeal, No. 120, Jan. T., 1904, by Real Estate Title Insurance and Trust Company, from decree of O. C. Phila. Co., Jan. T., 1893, No. 149, sustaining exceptions to adjudication in Estate of Hugh McCallum, deceased. Before DEAN, FELL, BROWN, MESTREZAT, POTTER and ELKIN, JJ. Affirmed.

Exceptions to adjudication of ASHMAN, J.

PENROSE, J., filed the following opinion :

While the testator gives his interest in the business of Mc-

Callum, Crease & Sloan to his two sons, absolutely, to whom he also devises certain real estate in fee, and gives to them and to his married daughter, to whom there is also a gift of $5,000, the residue of his estate at the expiration of the life interests of his wife and unmarried daughter, the will, throughout, manifests his anxious care to provide for the wife and unmarried daughter, and especially for the wife (who is to "have control and management," as between her and the daughter, while she lives) a comfortable and sufficient support. He gives to them and the survivor of them his homestead in Germantown and his household furniture, etc., with the adjacent properties, for life and the life of the survivor, and directs the payment to each of them, "out of the first moneys" received by the ex-, ecutors, of $2,500, for the "maintenance of herself and to defray the expenses of maintaining our homestead . . . . while my estate is in the course of administration and settlement," with the provision that if the wife should die in the meantime the whole should be paid to the daughter, if living. The wife and unmarried daughter lived together, and they are treated in the will, while the wife lives, as a single party or joint class. Thus, it is directed that until his interest in the real estate, 1012–14 Chestnut street, is sold, the rents, issues and profits shall be collected by the trustee, who shall "pay over two third parts of the same to my said wife and daughter in equal parts, during their lives, and one half part to the survivor of them during her life ; and to pay over the other third part, during the lives of my wife and daughter Annie, to my daughter Mary W. Leaman, and upon the decease of either of my wife or daughter Annie, then to pay over to the said Mary W. Leaman one equal half part of said rents . . . . and after the decease of the survivor . . . . to pay over such rents" to the two sons and Mary, the married daughter, in equal shares.

Doubtless from an apprehension that at the current rate of interest on legal securities the income of the proceeds of sale of his Chestnut street property would be considerably less than the rents prior to the sale, and that the whole of it would not be more than sufficient to enable his wife to continue in the homestead, he excluded the married daughter, so long as his wife lived, from any participation in its distribution, the provision of the will in that event being as follows : "If the said

trustees shall sell my share and interest of and in the said store property in the lifetime of my wife and daughter Annie or in the lifetime of either of them, he shall receive and hold the proceeds of the sale in trust to invest the same in good interest bearing securities, first mortgages of real estate to be preferred when obtainable, and keep the same invested during the lives of my wife and daughter Annie and during the life of the survivor of them and to pay over the income derived therefrom in quarterly payments during the life of my wife to her and my daughter Annie equally; but after the decease of my wife then to pay over one equal half part of said income to my daughter Mary W. Leaman during the life of my daughter Annie and the other half part thereof to my daughter Annie during her life. And upon the decease of my said wife and daughter Annie and of the survivor of them if . . . . my share of and interest in the said store property has been sold or when it shall be sold, then the trustee shall distribute and pay over the proceeds of sale and all investments thereof, one equal half part to my daughter Mary W. Leaman, and to my son Irving . . . . and to the said William . . . . to each one equal fourth part "—the issue of any of them then dead to take the parents' share.

That this exclusion of the married daughter and of the sons so long as his wife lived, if she should survive Annie, was not unintentional or because he failed to consider the possibility of Annie's death in her lifetime, is made clear by the fact that a provision precisely similar in this respect is made in a subsequent part of the will with reference to the proceeds of sale of lands in Germantown, the income of which is to be paid to the wife and Annie " in equal parts " during the life of the wife, and after her death, " if she leave my daughter Annie her surviving " (spoken of hypothetically), two thirds to Annie and one third to Mary, but with no distribution of income or principal to Mary or the sons " during the life " of the wife.

The married daughter died in the lifetime of the testator, leaving a child to whom her share passed. The testator's interest in the Chestnut street property has been sold and the proceeds duly invested, but Annie, the unmarried daughter, had previously died, still unmarried, leaving a will which gives her estate to the wife, her mother, who is still living, and the

question is presented as to the rights of the latter in the income of these proceeds.

Even if she be entitled to but one half of such income, it is clear that the trust must be continued as to the entire principal, the gift of half the income of a fund being regarded as more desirable than the income of half of the principal (Wilen's Appeal, 105 Pa. 121; Aubert's Appeal, 119 Pa. 48; Comly's Estate, 136 Pa. 153); but we are of opinion, from a careful consideration of the whole will, that the testator intended his wife to have the entire income of the proceeds of sale of this property for life, if she survived the unmarried daughter, of whose share she would, practically, have the benefit so long as the daughter lived. This is fairly to be implied from his deliberate postponement of distribution until her death (see Jones v. Cable, 114 Pa. 586), and the failure to direct any other than the original distribution of income so long as she lived, especially when coupled with the principle which resolves doubts in favor of a widow accepting the provisions of a will in lieu of her rights under the intestate laws. The Act of March 31, 1812, 5 Sm. L. 395 (Purd. 1089), merely takes away survivorship as an incident of joint tenancy. It makes no change where the estate is created by will (Kerr v. Verner, 66 Pa. 326), or where it is expressly provided for by deed (Redemptorist Fathers v. Lawler, 205 Pa. 24); and whether or not survivorship was intended depends not upon the precise language of the instrument or the form of expression, but upon the meaning to be gathered from the will or deed in its entirety: Lentz v. Lentz, 2 Phila. 117; Kerr v. Verner, 66 Pa. 326; Jones v. Cable, 114 Pa. 586. The question, however, is one which only concerns the right of the wife as against the estate of Annie; for if she does not become entitled to the whole income at Annie's death, it is because Annie had an estate pur autre vie, viz.: during the wife's life, under the direction that the income shall be paid " during the life of my wife to her and my daughter Annie equally," and this estate the wife now has under Annie's will. If the sale is in " the lifetime of either of them," the income is thus given.

The only other question is as to commissions on the income of the Chesnut street property prior to its sale. The testator was only one of three owners, and after his death it was rented

for a sum which, with taxes, etc., which the tenants were required to pay, amounted to $20,000 per annum. The arrangement was obviously for the protection of the lessors as between themselves ; and the obligation of the tenants, who in this respect simply bound themselves to act as agents for the lessors in paying part of what was, practically, their rent, in discharge of the joint liability of the lessors, was quite as great as their liability to pay the balance, enforceable by action on the lease, at least, if not by distress. It was quite as beneficial to the estate of the testator as if the whole of its share of the $20,000. had been required to be paid in cash and one third of the taxes afterwards paid from it. Under these circumstances it is not easy to see why the accountants who secured the benefit of this lease for the estate of which they had the care should not receive the usual compensation of five per cent upon the gross amount required to be paid by the tenants ; and as this was expressly conceded by the owners of two-thirds of the income, we think the objection on behalf of the minor owning the other third should have been overruled.

The exceptions are sustained.

*Errors assigned* were in sustaining exceptions to adjudication.

*William H. Shoemaker*, for appellant.—In a will " any words which showed an intention that the estate should be divided, as 'equally to be divided,' or 'share and share alike,' or 'equally,' a tenancy in common has always been inferred: " Mitchell on Real Estate, 246 ; Tripp's Estate, 202 Pa. 260.

While survivorship may be created by deed or will it is clear from all the authorities that an intent to do so will not be inferred in the absence of any words indicating that purpose.

The devise to Mary of the principal gave her a vested interest : Manderson v. Lukens, 23 Pa. 31 ; Carstensen's Est., 196 Pa. 325 ; Safe Deposit, etc., Co. v. Wood, 201 Pa. 420 ; King v. King, 1 W. & S. 205 ; Gray on Perpetuities, sec. 120.

The sum of $21,934.21, which the tenants paid for taxes, ground rent, etc., never, in any sense or by any implication, passed through the hands of the trustees ; they performed no service relative to it—all the payments being made directly by the tenants—and they incurred no responsibility of any kind

therefor. To give them compensation for services, care and responsibility as to a sum of money they never even saw is certainly unjust to the cestui que trust.

*Preston K. Erdman*, for Mahala McCallum, appellee.—The right by survivorship will be implied, even where not directly conferred, if it appears to be the testator's intention. This is especially the case where the gift is only for the term of a life: Kerr v. Verner, 66 Pa. 326 ; Lentz v. Lentz, 2 Phila. 117.

In such case the statute abolishing joint tenancy has no application: Redemptorist Fathers v. Lawler, 205 Pa. 24; Jones v. Cable, 114 Pa. 586; Sturm v. Sawyer, 2 Pa. Superior Ct. 254.

If the right to half the income during her mother's lifetime was a vested right to Annie, then by her will it passed to her mother: Daly's Est., 11 W. N. C. 514.

A legacy that is vested is not to be divested by any uncertain terms: Magoffin v. Patton, 4 Rawle, 117 ; Bower's Estate, 11 Phila. 620.

Where a will provides for the payment of a legacy at a particular time, it is a vested legacy and goes to the personal representative of the legatee in case of his death before the time: Pechin's Est., 8 W. N. C. 504; Chess's Appeal, 87 Pa. 362; Chew's Est., 13 Pa. Dist. Rep. 130 ; Provenchere's App., 67 Pa. 463 ; Reed's App., 118 Pa. 215.

*E. O. Michener*, for William H. McCallum and Andrew R. Matthews, trustees.

PER CURIAM, March 20, 1905:

The decree of the orphans' court sustaining exceptions to the report of the adjudicating judge is affirmed on the opinion of that court.