WILL OF JENKINS: WILD, Executor, and another, Appellants, vs. NEWTON and another, Respondents.

*April 30—June 4, 1929.*

132

For the appellant First Wisconsin Trust Company, trustee, there was a brief by *Poss, Toelle & Schuler,* attorneys, and *H. W. Schuler,* of counsel, and *Emmet Horan, Jr.,* guardian *ad litem* for Gordon Hill Jenkins, all of Milwaukee, and oral argument by *H. W. Schuler.*

For the appellant Charles E. Wild, executor, there was a brief by *Lines, Spooner & Quarles,* attorneys, and *Charles B. Quarles,* of counsel, and oral argument by *Charles B. Quarles* and *Charles E. Wild,* all of Milwaukee.

For the respondent Newton there was a brief by *Hoyt, Bender, Trump, McIntyre & Hoyt* of Milwaukee, and oral argument by *Ralph M. Hoyt.*

STEVENS, J. 1. The right to subscribe for the new insurance stock belonged to Mrs. Newton. Appellants do not question the "well-nigh universal rule that the benefit of a right given by a corporation to its stockholders to subscribe at par, or other fixed amount less than the intrinsic value, for a new issue of stock, whether sold or exercised by taking new stock, is awarded to corpus and not to income, to the remainderman and not to the life tenant." *Estate of Merrill,* 196 Wis. 351, 355, 220 N. W. 215.

But the appellants contend that this rule does not apply because, as they assert, the will expresses an intent that

Mrs. Newton should receive only the shares owned by Judge Jenkins at his death. This contention is based on the fact that the bequest made to Mrs. Newton is of the exact number of shares owned by Judge Jenkins before the stock was increased, and upon the further fact that the will does not bequeath any right in and to any increase in the capital stock of the company. This contention of appellants overlooks the fact that this gift of the specific stock owned by Judge Jenkins carries with it all the rights which accrue to the owner of such stock generally. Among the most valuable of such rights is that which the stockholder has of retaining and maintaining "his relative and proportionate voice and influence in the control and management of the affairs of the corporation by purchasing an amount of the increase of the capital stock proportionate to his then holdings therein." *Estate of Merrill,* 196 Wis. 351, 353–354, 220 N. W. 215. Without this right the value of the stock may be very greatly decreased. That right is one that belongs to the corpus of the gift. The proceeds of the sale of such right was not income which belongs to the life tenant.

The fact that the will provided that, in case the testator sold this stock, there should be set aside the sum of $10,000 which should be given to Mrs. Newton in place of the stock bequeathed, does not evidence an intent to limit Mrs. Newton in the enjoyment of all the rights that pertain to the ownership of the stock. The purpose of this provision was to protect her in case of the sale of the stock during the life of the testator.

2. When the stock dividend was declared, the directors did not determine the source of the profits or surplus from which such dividend was declared. After the stock had been distributed to the stockholders of record on a given date, the directors passed a resolution reciting that it was their intent to declare this dividend out of earnings and profits which accumulated before January 1, 1911, which date was prior

to the death of Judge Jenkins, "but that through inadvertence no express provision to that end was set forth in the resolution" declaring the stock dividend. This resolution amended the one passed before the stock was distributed so as to provide that such dividend be declared out of the earnings which accrued prior to January 1, 1911.

The authorities are in hopeless conflict as to whether such a stock dividend belongs to the life tenant or to the remainderman. 7 Thompson, Corp. (3d ed.) §§ 5387–5405; *Soehnlein v. Soehnlein,* 146 Wis. 330, 338–345, 131 N. W. 739. Massachusetts has adopted the rule that all cash dividends are to be treated as income going to the life tenant, and that all stock dividends are to be regarded as capital belonging to the remainderman. *D'Ooge v. Leeds,* 176 Mass. 558, 560, 57 N. E. 1025. The Massachusetts rule makes the action of the corporation binding upon the courts.

The rule supported by the overwhelming weight of authority, as well as by the better reasoning, is that the corporation cannot by the adoption of such a resolution divest either the life tenant or the remainderman of the right to claim such dividend, or deprive the courts of the power to determine the rights of the parties in accordance with the nature and substance of the things that are done. Such "a mere declaration . . . was futile so far as changing the nature of the transaction. . . . The directors of the corporation could not, by mere *ipse dixit,* transmute such profits, made after 1911, into earnings of the corporation prior to 1911." *Morgan v. Wisconsin Tax Comm.* 195 Wis. 405, 409, 217 N. W. 407, 218 N. W. 810.

The question whether such a stock dividend is capital or income is not one to be determined by the corporation. Otherwise the result would be "to give to corporate officers, by the mere form adopted by them for distributing surplus earnings, power to defeat the purpose of a person in creating a life or term interest in stock. . . . The real question is not

whether a stock dividend, so made, is capital as between the corporation and the stockholder, but whether it is such as between the term owner and the remainderman. . . . The intention of the corporation officers is immaterial, while that of the creator of the special interest is everything. . . . Thus it will be seen that the primary principle recognized by most authorities in this country, including the federal supreme court, is that the owner of corporate stock may convey the beneficial interest therein, in whole or in part, for a time to one and the whole ownership in remainder to another, unhampered by any power lodged in the corporation to disturb the purpose of the conveyance." *Soehnlein v. Soehnlein,* 146 Wis. 330, 343, 346, 347, 131 N. W. 739.

In the absence of the expression of a contrary intent, the determination whether a stock dividend belongs to the remainderman or to the life tenant turns upon the question whether the declaration of the dividend has intrenched upon the capital of the trust represented by the value of this insurance stock at the time of the death of Judge Jenkins. Under the rule that prevails in Wisconsin, "extraordinary dividends, payable from the accumulated earnings of the company, whether payable in cash or stock, belong to the life beneficiary, unless they intrench in whole or in part upon the capital of the trust fund as received from the testator or maker of the trust, or invested in the stock, in which case such extraordinary dividends should be returned to the trust fund or apportioned between the trust fund and the life beneficiary in such a way as to preserve the integrity of the trust fund." *Estate of Dittmer,* 197 Wis. 304, 308, 222 N. W. 323, 324.

The trial court determined that the life tenant was not entitled to the stock dividend, evidently basing its judgment on the finding that this dividend was declared out of earnings made prior to the death of Judge Jenkins. But this is not the test by which to determine whether this stock be-

longed to the life tenant or the remainderman. The test is whether at the time the stock dividend was declared its declaration so reduced the value of the assets of the insurance company that the shares of stock which testator bequeathed to Mrs. Newton had less value than they had at the time of his death. This court is unable to determine that fact from the record, which does not disclose the value of this stock on the two dates that must control in the determination of this question, being the value of the stock bequeathed to Mrs. Newton on the date of the testator's death and on the date when the stock dividend was declared. The case must be remanded to the trial court for the purpose of finding these essential facts.

3. The life of Judge Jenkins was insured under a policy which provided that $1,000 should be paid to his widow annually during her life. The policy further provided that "if any balance of the proceeds of this policy remain in the possession of the said trustee [insurance company] after the death of the above named beneficiary, the same is to be paid to the executors, administrators, or assigns of the estate of the said James G. Jenkins."

The annuity was paid to the widow in the month of September each year during her life. The first payment was made about one month after the death of Judge Jenkins. The last payment was made less than two months prior to her death. The trial court directed that such portion of the annual payment of $1,000 be paid to the estate of the life tenant as would represent the portion of the year that passed prior to the death of Mrs. Jenkins. This was error. By the express terms of the policy all money remaining in the possession of the insurance company at the death of the widow must be paid to the estate of Judge Jenkins.

4. The will provided that the widow should have the use of the homestead during life and that the trustee should pay out of the income of the estate all taxes, repairs, and insur-

ance necessary to the protection of the homestead. The judgment directed that all income that had accrued prior to the death of the widow should be paid to her executor, after deducting such part of the general taxes on the home and the annual payment on the special assessment on the same as would correspond to the portion of the year prior to her death that the widow occupied the premises. The fact that these taxes had not become a lien on the property prior to the widow's death is not controlling. This is a proceeding in which the court is required to determine the rights of the parties in accord with equitable principles. The estate of the widow was given the accrued income to the date of her death. The trial court correctly determined that from the income to be paid to the widow's estate there should be deducted the aliquot part of the taxes that had accrued prior to her death.

The judgment is reversed, and the cause remanded with directions (1) to ascertain the value of the insurance stock on the date of the death of Judge Jenkins and on the date when the stock dividend was declared and to determine the rights of the life tenant and the remainderman in the stock dividend in accord with the rule stated in *Estate of Dittmer,* 197 Wis. 304, 222 N. W. 323, 324; (2) to affirm the judgment in so far as it determines that Mrs. Newton is entitled to the $3,850 held by the trustee as the proceeds of the sale of the right to subscribe for the new insurance stock at par; (3) to affirm the judgment so far as it directs the trustee to retain a portion of the taxes on the homestead; and (4) to determine that the estate of the widow is entitled to no portion of the balance remaining unpaid on the insurance policy at the death of the widow.

Each party will pay his own attorney's fees. The taxable disbursements of the respondents and the fees of the clerk of this court will be paid by the executor of the estate of Alice M. Jenkins.

*By the Court.*—So ordered.