## Huneker's Estate

Before Lamorelle, P. J., and Gest, Henderson, Van Dusen, Stearne and Sinkler, JJ.

The facts appear from the adjudication of

VAN DUSEN, J., auditing judge.—The trust in this estate arose under the will of John F. Huneker, who died March 24, 1931, whereby, inter alia, he directed his trustees to hold his residuary estate in trust and pay over one fourth of the

net income to his sister, Mary J. Lagen, during her life, and the remaining three fourths of the net income to his wife, Minnie U. Huneker, during her life, with further provisions to take effect upon their deaths not now necessary to be recited. Mary J. Lagen and Minnie U. Huneker are living.

The account is filed because of the death of John M. Dohan, one of the trustees, on August 11, 1933.

A question is presented as to the payment of Federal income taxes under the following provisions of the will:

"Item XVII.. I direct my Executors to pay out of my residuary Estate all inheritance, succession and transfer taxes, and all other like charges of every character, which may be imposed upon the bequests, whether absolute or In Trust, under this my will, so that no taxes or other charges shall be deducted from any of the said bequests, and I direct that all payments of taxes and charges in the nature thereof, shall be paid and accounted for as part of the expenses of the administration of my Estate.

"I further direct that all administrative expenses, including all Federal Income and Pennsylvania State Taxes, commissions and all other charges incident to the operation and management of the Trusts created by this my will, shall not be charged to or deducted from income, but shall be borne by and paid out of the principal of my residuary Estate."

The life tenants ask that they be reimbursed for income taxes assessed against them, and that they be charged to the principal of the trust.

This is opposed by certain legatees interested in remainder, who contend that this provision of the will applies only to income taxes levied against the trustee, and a tax levied upon a beneficiary cannot be considered as part of the costs of administering the estate.

Under the Federal tax laws, as interpreted and administered at this writing, no income taxes are paid by trustees except in the case of capital gains, and the only duty imposed upon the trustees with respect to the income paid to beneficiaries is to file an information return. The tax is then assessed directly against the beneficiary, and the trustee has no part in assessment or collection. The amount of the tax depends upon many considerations which are personal to the beneficiary, such as income from other sources, personal exemption, taxes, contributions, etc.

If the principal of the estate is to pay so much of the tax as is attributable to the income from this estate, then it will be necessary to calculate the tax as it would be with and without this income, and the estate will pay the difference as an additional legacy to the beneficiary. Such procedure would be complicated, but not impossible. The language of the will is that "all administrative expenses, including all Federal Income and Pennsylvania State Taxes, commissions, and all other charges incident to the operation and management of the Trusts created by this my will, shall not be charged to or deducted from income, but shall be borne by and paid out of the principal of my residuary Estate."

The subject matter is "charges incident to the operation and management of the Trusts", and the items other than income which are specifically mentioned are Pennsylvania State taxes and commissions, both of which are payable by the trustees. Even granting the disposition to construe a will in favor of a widow accepting its provisions in lieu of her dower rights under the intestate laws: Finney's Appeal, 113 Pa. 11; McCallum's Estate, 211 Pa. 205; I do not think that her personal income taxes come within the description of the will.

The direction to pay income taxes may possibly refer to the obligation of the executors to pay income tax on the income received during the period of administration of the estate by the executors. More likely, testator was referring to

the construction of the income tax law in the decision of Warner v. Walsh, Collector of Internal Revenue, 15 F. (2d) 367. Under this decision, the widow who elected to take under her husband's will was a purchaser of the income which she received, and it was held she received no taxable income until what she had received equaled the value of that which she might have taken against the will. The income received by the trust estate until that time was therefore taxable in the hands of the trustee. The Supreme Court of the United States held, in Helvering, Commissioner of Internal Revenue, v. Butterworth et al., Trustees, 290 U. S. 365, that this was too artificial and far-fetched; and following this decision, the Internal Revenue Department has been readjusting income taxes on the basis that net income is taxable in the hands of the widow. It is my opinion that any income taxes which the trustees may have paid with respect to the income in their hands payable to the widow, and which they are not able to recover from the United States as a result of this reversal of policy, should be paid out of principal. If there be any such items, they may be presented at the settlement of the schedule of distribution.

It is possible also that income tax laws might hereafter be changed so that the trustees would be obliged to act as collectors. In such case, a different question would be presented.

*Samuel J. Houston,* for exceptants.

*Joseph P. Gaffney* and *William I. Stanton,* contra.

GEST, J., April 27, 1934.—The testator devised his residuary estate in trust to pay one fourth of the net income to his sister, Mary, and three fourths to his wife, Minnie, for their respective lives, providing further for payments to them out of the principal if the income of the sister should not equal $2,500 per annum, and if the income of the wife should not equal $10,000 per annum. The will also provided in item XVII for payment from the residuary estate of all inheritance, succession, and transfer taxes and all other like charges of every character which might be imposed upon the bequests, whether absolute or in trust under the will, adding:

"I direct that all payments of taxes and charges in the nature thereof shall be paid and accounted for as part of the expenses of the administration of my estate."

Then follows another paragraph in the same item XVII, which give rise to the question now before the court, namely:

"I further direct that all administrative expenses, including all Federal Income and Pennsylvania State Taxes, commissions and all other charges incident to the operation and management of the trusts created by this my will, shall not be charged to or deducted from income, but shall be borne by and paid out of the principal of my residuary estate." The widow and sister of the testator, being the said cestuis que trustent above mentioned, claimed that it was the duty of the trustees to pay out of the principal of the estate future assessments of income taxes upon the life interests of the widow and sister. The auditing judge, however, refused this request, and these exceptions are filed to his ruling.

In our opinion, the exceptions should be dismissed. In addition to what has been said by the auditing judge, this provision of the will means merely that any income taxes which are chargeable to or payable by the estate as such in the course of administration shall be paid out of the residue. It does not apply to the income taxes due and payable, or to become due and payable, by the beneficiaries as individuals. Such taxes are not incurred as an incident to the operation and management of the trust, for the trustees are not chargeable with

income taxes except in cases of capital gains; their only duty is to make an informative return to the collector of internal revenue. The testator clearly contemplated administration expenses, including such income and Pennsylvania State taxes, commissions, etc., as have to do with the management and administration of the estate by the executors of the will, just as they are directed to pay inheritance and transfer taxes. The whole of item XVII embraces the testator's instructions to his executors. It does not seem possible that the testator intended that the cestuis que trustent should be entitled to receive from the principal of the estate during their lives their income taxes, or such part thereof as might be assessed by reason of their receipt of their trust income, for it is obvious that the total income taxes payable by these cestuis que trustent as individuals would be dependent upon numerous factors having no connection with the trust estate, and it would be extremely difficult, certainly not reasonably possible, to determine in every year to what extent their income taxes would be increased by reason of their receipt of the trust income.

The construction of the will for which the exceptants contend is so extraordinary that it would require the very clearest language to induce us to adopt it, especially as the same argument would apply to commissions on the income of the trust estates, which would appear to be almost absurd.

The exceptions are dismissed, and the adjudication is confirmed absolutely.