STATE EX REL. COYKENDAL and others, Petitioners, vs. KAREL, Judge, Respondent.

*May 8—June 5, 1934.*

*Benjamin T. Schiek* of Milwaukee, for the petitioners.
*George A. Affeldt* of Milwaukee, for the respondent.

ROSENBERRY, C. J. Upon the proceeding in the county court that court disposed of the matter in the following manner: At the time of the death of the testator 576⅔ shares

were bequeathed in trust, the value of which ascertained by dividing the capital and surplus by the total number of outstanding shares, to wit, 2,500, was $32.2129 per share. After the increase of the capital stock to 7,500 shares, and on the day of the death of the life tenant, the total capital' and surplus was fixed by stipulation at $126,612.63. The value of each share was therefore $16.881. If the whole 1,153⅓ shares had been assigned to the life tenant or her successors, the value of the remaining 576⅔ shares would have been $8,840.98, less than the value of the trust estate at the time of the death of the testator. In order to maintain the integrity of the corpus of the trust estate the court assigned 523.70 shares to the corpus and 629.63⅓ shares to the representatives of the deceased life tenant. The contention of petitioners here seems to be based upon a misconception of the determination made by this court. The court said:

"We are of opinion that by the clear weight of the evidence this sum [the sum used by the county court in its determination] should be taken as the surplus at the testator's death, and the allotment of the 1,153⅓ shares of stock held by the trustees should be made on the basis of an increase of surplus fixed by the difference between that amount and the stipulated surplus at the time of the declaration of the stock dividend."

In the opinion the case of *Will of Jenkins*, 199 Wis. 131, 225 N. W. 733, was referred to. In that case it was held that in the absence of the expression of a contrary intent in the will, the determination of whether a corporate stock dividend belongs to the remainderman or to the term owner turns upon the question of whether the declaration of the dividend has intrenched upon the capital of the trust represented by the value of the original stock at the time of the death of the testator. The county court in this case has proceeded strictly in accordance with the rule there laid down.

Petitioners are correct in their claim that earnings attributable to the trust estate after the death of the testator amount

to $10,629.12, but they are in error in assuming that because such is the fact they are entitled to receive stock at par value. The stock which they will receive according to the facts found and stipulated will as of the date of the death of the term owner have a value of $16.881 per share. Dividing the amount attributable as earnings subsequent to the death of the testator, to wit, $10,629.12, by the value of the stock which the representatives of the term owner will receive under the order of the county court gives 629.63⅓ shares, which is the amount allotted by the order of the county court to the representatives of the term owner. The petitioners here ignore the fact in their calculations that even after the increase of the capital stock the company still had a surplus. Upon the increase of the capital stock a proportional amount of the surplus was attributable to each of the new shares. The new shares were therefore worth more than par. It is "income," not stock at its par value, to which the petitioners are entitled.

Upon argument of the motion for leave to commence this action, it was stipulated that if the court should be of the view that the proceeding was one of which the court should take original jurisdiction, the case should be determined upon the facts stated in the petition and the return thereto. The effect of this stipulation is that of a motion for judgment upon the pleadings. Pursuant to the holding in *Falk v. Tax Comm., supra,* the case is clearly one of which the court should take jurisdiction, and in accordance with the stipulation the following determination is made:

*By the Court.*—Upon motion of the petitioners for judgment upon the pleadings, it is ordered that the motion be denied and that the proceeding be dismissed upon the merits for the reason that the county court of Milwaukee county acted in compliance with the mandate of this court and not otherwise.