WOLFE, et al. v. WOLFE.

In Banc. Oct. 24, 1949.

No. 37195 (42 So. (2d) 438)

**Drake & Gage,** for appellants.

Berger & Callon, and **Joseph E. Brown**, for appellee.

**Roberds, J.**

In a deed dated November 17, 1933, executed by Barland Brothers, the conveying clause reads ". . . do hereby convey and warrant unto Willis Wolfe & Della Wolfe and the survivor of them . . ." a certain lot in Port Gibson, Mississippi.

On September 16, 1937, Claude L. Primrose executed a deed to the same grantees to a one-half undivided interest in one hundred and eighty acres of land in Claiborne County, Mississippi, the granting clause of which reads ". . . do hereby convey and warrant unto Willis

Wolfe and his wife, Della Wolfe, and to the survivor of them . . .'', describing the land.

The grantees were man and wife when both deeds were executed, and so remained until the death, intestate, of Willis Wolfe on April 4, 1946. His heirs at law were and are Della Wolfe, his widow, and their two daughters and a son. Della Wolfe, the survivor of the two grantees, claims entire ownership of the lot and the one-half interest in the land by virtue of survivorship. In other words, she says the two deeds created in the grantees an estate in joint tenancy or entirety, and by right of survivorship she is now vested with the whole estate. She and her two daughters filed the bill herein asserting that contention. Harold S. Wolfe, respondent to that bill, and appellee here, by answer and cross-bill, contends the grantees were tenants in common and on the death of Willis Wolfe his interest descended to his heirs at law, who were his said widow and three children. The chancellor sustained the latter contention, ordered a sale of the property and division of the proceeds among the heirs. Complainants and cross-defendants appeal. We are of the opinion that these deeds vested in the grantees the right of survivorship. We do not undertake to determine whether the estate created is one of joint tenancy or entirety. In either case the result is the same, the survivor took the entire property.

 The common law favored joint tenancies. Under it a conveyance to two or more persons not husband and wife created a joint tenancy; if to husband and wife, an estate in entirety. To create an estate in common, it was necessary to add restrictive or explanatory words showing an intent to create such an estate. Vol. 4, Thompson on Real Property, Permanent Edition, Section 1775. Nearly all the states have statutes reversing that presumption. ''The legislation converting tenancies into tenancies in common merely meets and reverses the presumption at common law that conveyances and devises to two or more persons create joint tenancies, the pre-

sumption under the statutes being they create tenancies in common." Thompson, supra, Section 1789. ██ ██ Our statute (Section 834, Code 1942) reads: "All conveyances or devises of land made to two or more persons, or to a husband and wife, shall be construed to create estates in common, and not in joint-tenancy or entirety, unless it manifestly appears from the tenor of the instrument, that it was intended to create an estate in joint-tenancy or entirety with the right of survivorship; but this provision shall not apply to mortgages or devises, or conveyances made in trust." It will be noted that this statute does not prohibit the creation of estates in joint tenancy or entirety. It merely means that a conveyance or devise to two or more persons creates an estate in common, and not in joint tenancy or entirety, ". . . unless it manifestly appears from the tenor of the instrument, that it was intended to create an estate in joint-tenancy or entirety with the right of survivorship . . .".

██ ██ We think the deeds under consideration do manifest an intention to create an estate in joint tenancy and not an estate in common. The first conveys the property to the grantees "and the survivor of them"; the second conveys to them "and to the survivor of them." The two quoted expressions mean the same thing. The distinguishing and most important incident of title by joint tenancy is the doctrine of survivorship, by force of which, upon the death of one joint tenant, the joint estate remains unimpaired with the survivor. Thompson, supra, Sections 1778 and 1791. The same is true of an estate in entirety. Thompson, supra, Section 1804. The parties were careful to expressly create and preserve that right. If the grantees are held to be tenants in common, it is necessary to erase and eliminate the quoted provisions from the deeds. No proper exercise of judicial power would permit that. It is impossible to have the right of survivorship in an estate in common. It is not possible under the terms of these deeds to give effect to the survivorship provision thereof except as an incident

to a joint tenancy or an estate in entirety. Under statutes similar to ours, providing that conveyances to two or more persons shall be construed. to create a tenancy in common unless it shall manifestly appear from the tenor of the instrument that it was intended to create an estate in joint tenancy, it has been held in other states that an instrument providing plainly, though not in technical language, for a right of survivorship created a joint tenancy. Wood v. Logue, 167 Iowa 436, 149 N. W. 613, Ann. Cas. 1917B, 116; Goggin v. Goggin, 59 R. I. 145, 194 A. 730, 113 A. L. R. 569; Stimpson v. Batterman, 5 Cush., Mass., 153; Mittel v. Karl, 133 Ill. 65, 24 N. E. 553, 8 L. R. A. 655; In re McCallum's Estate, 211 Penn. 205, 60 A. 903; Mitchell et al. v. Frederick, et al., 166 Md. 42, 170 A. 733, 92 A. L. R. 1412.

Appellee relies upon Doran v. Beale et al., 106 Miss. 305, 63 So. 647, 648. That case is not in point or controlling here. No right of survivorship was vested by the deed in that case. It did expressly vest in Florence Doran and Ed Beale, "jointly", an undivided four-fifths interest in land. The Court said "The use of the word 'jointly' in this deed is consistent with an intention to simply convey the interest designated to both of the two grantees, and it cannot be said that by its use the grantor manifestly intended .to create a joint tenancy *with the right of survivorship*." (Italics ours.) In the deeds here under consideration, the parties did expressly vest in the grantees the right of survivorship.

Reversed and judgment here for appellant.