222 So.2d 388 (1969)
Drue Dunlap BIRMINGHAM, Jr.
v.
Mrs. Annie Lee Birmingham CONGER et al.
No. 45355.
Supreme Court of Mississippi.
May 5, 1969.
*389 Wall Doxey, Jr., Holly Springs, for appellant.
Dudley Bridgeforth, Jr., Wilroy, Wilroy & Hagan, Hernando, for appellees.
BRADY, Justice:
This is an appeal from a decision of the Chancery Court of DeSoto County, Mississippi, which held that Mrs. Annie Lee Birmingham Conger is the fee simple owner of fifty-four shares of stock, certificate No. 15, of the Bank of Olive Branch, and that the appellant, Drue Dunlap Birmingham, Jr., is estopped to assert any right as a remainderman to the purchase of new issue shares which are being offered for sale by the Bank to present owners of bank stock.
The facts pertinent to this appeal are as follows. On January 1, 1963, Mrs. Maggie Dunlap Birmingham died in DeSoto County, Mississippi, leaving a last will and testament dated August 17, 1940, and witnessed by H.W. May, A.S. Henley and *390 Frank Woodward. The testatrix appointed her children, Drue Dunlap Birmingham, Sr., and Mrs. Annie Lee Birmingham Conger, as executor and executrix of her will. The will was probated and letters testamentary were issued on March 28, 1963. A petition for discharge of the joint executor and executrix was filed on May 15, 1967, which was joined in by the appellant, Drue Dunlap Birmingham, Jr. Previous to that date, on March 6, 1966, Drue Dunlap Birmingham, Sr., one of the devisees and legatees of the will and the joint executor, died testate.
At the time of her death, Mrs. Maggie Dunlap Birmingham owned one hundred eight shares of the Bank of Olive Branch stock, certificates Nos. 12 and 13. Section 3 of her will reads as follows:
It is my desire that the Shares of Stock in the Bank of Olive Branch, which I own, shall be kept in the family as long as practical. The above named children are to divide the dividends equally as long as they live and at their death the stock is to go to my two grandchildren, Drue Dunlap Birmingham, Jr., and Margaret Birmingham, who are to divide it equally between them. Should such time come when my two children shall both agree to sell this stock they may do so and divide the proceeds equally between themselves.
On the will offered in evidence in this cause the words "practical" and "children shall both agree to sell this stock they may do so and divide the proceeds equally between themselves" have been marked through, and below in the deceased's handwriting were written the words "not to be sold." The only surviving witness to the will, Mr. Frank Woodward, testified that he did not remember any alterations made in the will when he signed it, but that it had been twenty-eight years since he signed it. It is not disputed, however, that the will with the delineation and the handwritten words was the will that was admitted to probate. After the death of their mother, Mrs. Conger and Mr. Birmingham agreed to divide the shares of bank stock. Mrs. Conger handled the division with the Bank, and certificates Nos. 15 and 16 were issued in place of Nos. 12 and 13. Thereafter, Mrs. Conger and Mr. Birmingham each held fifty-four shares in their individual names by two separate certificates. From the date of the division until his death, Mr. Birmingham and Mrs. Conger each drew their separate dividends, and each treated the fifty-four shares of stock as his or her own. As proof of this, it was shown that on February 24, 1965, Mr. Birmingham gave his stock certificates as security for a $7,000 loan from the Citizens Bank of Byhalia, Mississippi.
By a holographic will dated March 1, 1966, Mr. Birmingham left the fifty-four shares of his Bank of Olive Branch stock to his daughter, Mrs. Margaret Birmingham Moffatt, with the expressed wish that it be held and owned by her family as long as consistent with good business practices. On July 1, 1966, for the sum of $28,524.50, a part of which was used to pay off the loan from the Citizens Bank of Byhalia, Mrs. Moffatt and her mother, Mrs. Ruth O. Birmingham, by a bill of sale and power of attorney, conveyed all interest which they had in the stock to Mr. Percy E. Smith. On the same day, the appellant, Drue Dunlap Birmingham, Jr., executed a quitclaim bill of sale to Mr. Smith wherein he conveyed to him "any and all interest that I may have in or to any stock of the Bank of Olive Branch represented by certificate No. 16 issued to D.D. Birmingham, unto Percy E. Smith." In addition, he stated, "I further expressly waive any restrictions upon the sale of any stock previously owned by my grandmother in said bank." Appellant also joined in the "Petition for Discharge of Joint Executor and Executrix," and at that time made no objection to the petition nor contended that he was entitled to any part of the Bank of Olive Branch stock. Neither did appellant contest the right of *391 his father by will to bequeath the fifty-four shares to appellant's sister, Mrs. Moffatt.
However, in the early part of 1967, appellant, one of the remaindermen under the will of Mrs. Maggie Dunlap Birmingham, his grandmother, discovered that the Bank of Olive Branch was to issue some additional stock which the present owners of stock in the Bank could buy at the ratio of three new shares for each one which they presently owned. On April 19, 1967, appellant wrote the officers of the Bank of Olive Branch stating that as legal remainderman he was entitled to purchase one hundred sixty-two shares of stock and gave notice of this intent to exercise his right. A second letter was written the bank officers by the appellant's attorney on November 22, 1967.
When the dispute arose as to who had the rights to purchase the new stock, Mrs. Conger or the appellant, the appellant filed his petition in the Chancery Court for the construction of Section 3 of the will of his grandmother, Mrs. Maggie Dunlap Birmingham, and for determination of his rights in regard to the new issue of stock. Mrs. Annie Lee Birmingham Conger and Mrs. Margaret Birmingham Moffatt filed a joint answer. The Bank of Olive Branch filed a separate answer. In addition thereto, Percy Smith, Chief Executive Officer of the Bank of Olive Branch, was granted permission to intervene and filed a separate answer. Following the taking of testimony in the cause, Mrs. Conger and Mrs. Moffatt were allowed to amend their answer so as to allege that the appellant, Drue Dunlap Birmingham, Jr., was estopped from asserting any claim as a remainderman to the fifty-four shares of stock now standing in Mrs. Conger's name and represented by stock certificate No. 15.
In his opinion the astute chancellor made an extensive finding of fact. He concluded therefrom that the parties without exception had acted in a manner which was consistent with fee simple title being in Mr. Birmingham and Mrs. Conger. He found that the appellant was estopped to assert any interest in the fifty-four shares held by Mrs. Conger in her name and evidenced by stock certificate No. 15, and found Mrs. Conger to be the fee simple owner of the stock. From this decision the appeal was taken.
Appellant assigns three errors: (1) That the court erred in finding that there were grounds upon which to hold that an estoppel against the appellant's asserting his remainderman rights to one-half of fifty-four shares of stock represented by certificate No. 15; (2) that the court erred in not holding that the appellee Conger had only a life estate in the fifty-four shares of stock represented by certificate No. 15, and that half of the remainder interest belonged to the appellant; (3) that the court erred in not holding that the appellant as a remainderman to one-half of the shares represented by certificate No. 15 had the sole and exclusive right as against appellee Conger to purchase additional shares offered by the Bank of Olive Branch.
Based upon a careful review of the record and pleadings in this cause, we conclude that the facts as found by the chancellor were not an adequate basis for his holding of estoppel. Moreover, we find that there is not sufficient basis factually or in law for finding either equitable or judicial estoppel to support the contentions of appellee Mrs. Conger. The act that touched off the chain of events ultimately culminating in this lawsuit was not the act of the appellant, but rather that of appellee Mrs. Conger in taking certificates Nos. 12 and 13 to the bank and exchanging them for No. 15, which she had issued in her name, claiming fee simple title thereto, and No. 16, which she had issued in the name of her brother, Drue Dunlap Birmingham, Sr. It is obvious from the testimony of appellee Mrs. Conger herself that this exchange was conceived by her and her brother and was made primarily *392 for the purpose of defeating the remaindermen, who were the appellant and appellee Mrs. Moffatt. The appellant is not judicially estopped to assert his rights in the fifty-four shares represented by certificate No. 15 claimed by Mrs. Conger because he did not contest his father's will, nor because he signed a quitclaim bill of sale to Percy Smith so as to enable his sister to complete the sale of the shares left to her under the will of her father, Drue Dunlap Birmingham, Sr.
Section 3 of the will of Maggie Dunlap Birmingham lacks the very definite and specific language necessary to establish Mrs. Annie Birmingham Conger and Drue Dunlap Birmingham, Sr., as joint tenants. O'Connor v. Dickerson, 188 So.2d 241 (Miss. 1966); Miss.Code 1942 Ann. § 834 (Supp. 1968). Therefore the relationship which was created by the will is limited to a tenancy in common; and upon the death of Drue Dunlap Birmingham, Sr., his interest passed to the remaindermen. Wolfe v. Wolfe, 207 Miss. 480, 42 So.2d 438 (1949); Ratcliff v. Ratcliff, 20 Miss. (12 S. & M.) 134 (1849). We need not reach the question of the legal right of Drue Dunlap Birmingham, Sr., to will his half interest to his daughter in view of the fact that Drue Dunlap Birmingham, Jr., has expressly relinquished any and all interest in certificate No. 16. The quitclaim bill of sale signed by the appellant recognizes the interest of the appellant in certificate No. 16 and expressly relinquishes this interest in favor of his sister, Mrs. Moffatt. If appellant had not had an interest in certificate No. 16, his quitclaim would have been totally unnecessary. Much emphasis is placed upon the statement in the quitclaim bill of sale that the appellant waived all restrictions to the sale of any stock previously owned by his grandmother; however, the quitclaim bill of sale related specifically to the sale of stock covered by certificate No. 16. No other sale was contemplated at the time or has been contemplated.
Likewise, the appellant could not have been ratifying the action of the appellee Conger and his father. Pro arguendo that under the will appellee Mrs. Conger and Drue Dunlap Birmingham, Sr., had the right to sell the stock, the record conclusively shows that the action of the life tenants was not and cannot be construed as a bona fide sale within the intent and meaning of the will. The action of the life tenants was no more than an exchange or swapping of stock which was purposely made to defeat the rights of the remaindermen and also to defeat the intent of the testatrix as expressed in the will. Under the terms of the will, the death of Mr. Birmingham, Sr., terminated the right to sell the stock by the life estate holder, Mrs. Conger, because the will required that both life estate holders had to agree to sell. Construing the quitclaim bill of sale most favorably to the appellee, the appellant expressly waived any rights or restrictions upon the sale of the stock to Mr. Smith; he did not waive any objection to other actions of the life tenants which did not amount to a sale.
Likewise, we agree with the contention of the appellant that by signing the petition for discharge he agreed to the release of appellee, Mrs. Conger, only in her capacity as executrix of the estate. This action wholly fails to show approval, as contended by appellee, Mrs. Conger, of any steps which Mrs. Conger may have taken as the life tenant under the will.
In addition we find that appellant is not equitably estopped to assert his remaindermen rights against Mrs. Conger. In order to establish equitable estoppel a party must show change of position in reliance on the conduct of another and detriment caused thereby. Reliance Mfg. Co. v. Barr, 245 Miss. 86, 146 So.2d 569 (1962); Harris v. Am. Motorist Ins. Co., 240 Miss. 262, 126 So.2d 870 (1961); National Sur. Corp. v. Vandevender, 235 Miss. 277, 108 So.2d 860 (1959); Stokes v. Am. Cent. Ins. *393 Co., 211 Miss. 584, 52 So.2d 358 (1951); Davis v. Butler, 128 Miss. 847, 91 So. 279, Sugg. of error overruled, 91 So. 709 (1922). We find there is no change in position by appellee Conger except that which was caused by her own acts. Her position is not changed nor has she suffered any detriment or injury in any way whatsoever. The plain intent as is contemplated by the will of her mother insofar as Mrs. Conger's rights are concerned has not been violated. Mrs. Conger's rights, under the terms of her mother's will, remain the same and she has suffered no injury by the failure of appellant to contest the will of Mr. Birmingham, Sr. or by joining in Mrs. Conger's petition for discharge as executrix or the executing of the quitclaim bill of sale.
We conclude, therefore, that the appellant has a remainder interest in certificate No. 15. In accordance with the majority rule, the appellant, as a remainderman, has the right to purchase the shares of the new issue of stock which are being offered for 27 shares of stock presently held or 81 shares of the new issue of stock. In re Franz' Estate, 344 Mo. 510, 127 S.W.2d 401 (1939); In re Hagen's Will, 262 N.Y. 301, 186 N.E. 792 (1933); In re Jenkins' Estate, 199 Wis. 131, 225 N.W. 733 (1929); Hite v. Hite, 93 Ky. 257, 20 S.W. 778, 19 L.R.A. 173 (1892); 33 Am.Jur., Life Estates, Remainders, etc. § 410 (1941). Although Mrs. Moffatt asserts no right to the remaining 27 shares of stock included in certificate No. 15, the appellant petitions the right to purchase new stock allowable only to the holder of 27 shares and relief can only be given as to those shares. We accordingly grant the relief for which he has specifically prayed. Mrs. Conger retains a life estate in the shares of stock represented by certificate No. 15, and she will be entitled as the life tenant to any increased dividends. Lauman v. Foster, 157 Iowa 275, 135 N.W. 14, 50 L.R.A.,N.S., 531 (1912); 33 Am. Jur., Life Estates, Remainders, etc. § 410 (1941). For the foregoing reasons this cause is reversed and judgment is rendered here for the appllant.
Reversed and rendered.
GILLESPIE, P.J., and RODGERS, JONES and INZER, JJ., concur.