252 So.2d 779 (1971)
Mrs. Mary Liza Elizabeth WELBORN, Administratrix of Estate of Napoleon P. Scott, Deceased
v.
Mrs. Shirley Johnson HENRY.
No. 46295.
Supreme Court of Mississippi.
September 27, 1971.
Marvin Oates, Tom Roberts, Bay Springs, for appellant.
Robert H. McFarland, Bay Springs, for appellee.
JONES, Justice:
In December 1966, N.P. Scott, a widower, living alone in Smith County, Mississippi, executed a deed, under the terms of which certain land therein described, was deeded to him and Shirley Johnson Henry.
Shirley Johnson Henry was a niece of Scott's wife but was no blood relationship of his. After the death of Scott, the administratrix of his estate filed this suit in the Chancery Court of Smith County for the cancellation of said deed, claiming that it was void or that at most it could only convey the property as tenants in common.
The lower court, after hearing the case, upheld the deed. Hence, this appeal.
A further statement of the facts is unnecessary because the only issue here in stated as the sole assignment of error, to-wit:
The lower court erred in finding that the deed from Napoleon P. Scott, a widower, to Napoleon P. Scott and Shirley Johnson Henry, as "tenants by the entirety and not as tenants in common, with full right of survivorship" was effective to convey to said grantees therein as joint tenants with right of survivorship; and that upon the death of Napoleon P. Scott, the appellee became the sole owner of the property.
Appellant contends that the attempt to convey the property was void because it undertook to convey to the two grantees as an estate in the entirety. It is claimed that under the common law an estate in the entirety may be held only by husband and wife. This interpretation of the common law is apparently good. 41 C.J.S. Husband and Wife § 31c (1944); 26 Am.Jur. Husband and Wife §§ 70 & 87 (1940); Forehand v. Peacock, 77 So.2d 625 (Fla. 1955). For many years there has been a statute in our State dealing with this problem, and it now appears as Mississippi Code 1942 Annotated section 834 (1956). This statute was amended by Chapter 237, Laws of 1958, and the amended statute was in effect *780 when the deed in question was executed. Section 834, as amended, reads as follows:
All conveyances or devises of land made to two or more persons, or to husband and wife, shall be construed to create estates in common and not in joint tenancy or entirety, unless it manifestly appears from the tenor of the instrument that it was intended to create an estate in joint tenancy or entirety with the right of survivorship; provided, however, that an estate in joint tenancy or entirety with right of survivorship may be created by such conveyance from the owner or owners to himself, themselves and/or others; but this section shall not apply to mortgages or devises or conveyances made in trust.
The deed in question is here copied in full with the exception of acknowledgement and recording data:
"THE STATE OF MISSISSIPPI, SMITH COUNTY.
In consideration of Ten Dollars ($10.00) and other good and valuable consideration, I, N.P. Scott, a widower convey and warrant to N.P. Scott and Shirley Johnson Henry, as an estate in the entirety with full rights of survivorship and not as tenants in common the land described as
West 20 acres of NE 1/4 of NW 1/4, less the NW 1 acres and East 26 acres of NW 1/4 of NW 1/4 less NE 1 acre and less 2 acres in the SW corner sold to Troy Jenkins Section 5, Township 10 North, Range 13 West.
Situated in the County of Smith, in the State of Mississippi.
Witness our signatures, this the 2nd day of December, 1966.
NAME OF WITNESSES
 _________________
 /s/ N.P. Scott" 
This statute, especially as amended, eliminates the need to consider the common law as stated; and under it one may convey to himself and some person not his wife and provide for survivorship (unless prevented by specific statute, such as the homestead acts).
In construing a deed, it is necessary that it be considered as a whole and that the intent of the parties be gathered from its language. The intent is to be gathered from a fair consideration of the entire instrument along with the words employed therein. Rogers v. Morgan, 250 Miss. 9, 164 So.2d 480 (1964). This holding of the Rogers case is sustained by a previous decision, Wolfe v. Wolfe, 207 Miss. 480, 42 So.2d 438 (1949) where this Court, previous to the amendment of the statute aforesaid, was construing two deeds involving survivorship. The deeds had a granting clause conveying and warranting unto two grantees "and the survivor of them." In that case, this Court considered the statute as it existed at that time and said:
We think the deed under consideration do manifest an intention to create an estate in joint tenancy and not an estate in common. The first conveys the property to the grantees "and the survivor of them"; the second conveys to them "and to the survivor of them." The two quoted expressions mean the same thing. The distinguishing and most important incident of title by joint tenancy is the doctrine of survivorship, by force of which, upon the death of one joint tenant, the joint estate remains unimpaired with the survivor. Thompson, supra, Sections 1778 and 1791. The same is true of an estate in entirety. Thompson, supra, Section 1804. The parties were careful to expressly create and preserve that right. If the grantees are held to be tenants in common, it is necessary to erase and eliminate the quoted provisions from the deeds. No proper exercise of judicial power would permit that. It is impossible to have the right of survivorship in an estate in common. It is not possible under the terms of these deeds to give effect to the survivorship *781 provision thereof except as an incident to a joint tenancy or an estate in entirety. Under statutes similar to ours, providing that conveyances to two or more persons shall be construed to create a tenancy in common unless it shall manifestly appear from the tenor of the instrument that it was intended to create an estate in joint tenancy, it has been held in other states that an instrument providing plainly, though not in technical language, for a right of survivorship created a joint tenancy. (207 Miss. at 489-490, 42 So.2d at 439).
Under these other decisions of our Court and under the law generally, this deed was sufficient to vest the entire title to the property in the niece after the death of Scott.
Affirmed.
RODGERS, P.J., and BRADY, SMITH and SUGG, JJ., concur.