## E. W. DORAN *v.* E. J. BEALE, *et al.*

### [63 South. 647.]

1. DEEDS. *Construction. Joint tenancy. Code* 1906, *section* 2770. *Partition. Incumbered land. Wills. Renunciation by husband. Laws of descent. Realty. Personal property.*
    A deed conveying to two persons "jointly" an undivided four-fifths interest in certain lands, did not create a joint tenancy with the right of survivorship, since under Code 1906, section 2770 so providing, a deed to several jointly shall be construed to create a tenancy in common, and not a joint tenancy, unless a contrary intention manifestly appears.

2. PARTITION. *Incumbered land. Code* 1906, *sections* 3521-3525.
    Section 3521, Code 1906 which provides for the partition of land *held* by two or more parties in common, contains no exception relative to land on which there is an incumbrance. Section 3525 recognizes this right of partition of such land, and expressly provides for the apportionment of the incumbrance thereon if "it be deemed proper to do so," and contains no provision that this shall be done only after the maturity of the debt secured.

3. SAME.
    Whether or not in such case it is proper to apportion an incumbrance upon land partitioned, must be determined by the facts of each case.

4. WILLS. *Renunciation by husband. Laws of descent.*
    A husband by renouncing, in Illinois, his wife's will probated in that state, the wife's domicile, elected to take that part of her estate to which he was entitled under the laws governing the descent and distribution of her property, as to her real estate he would take under the laws of descent and distribution of the state where the land was situated and as to her personalty he would take under the laws of the decedent's domicile.

APPEAL from the chancery court of Holmes county.
HON. J. F. McCOOL, Chancellor.
Suit by E. W. Doran against E. J. Beale and others. From a decree sustaining a demurrer to the complaint, plaintiff appeals.

106 Miss. 20

This is an appeal from a decree sustaining a demurrer to the bill of complaint filed by appellant in the court below. The opinion states the facts. The demurrer is as follows:

"And now come the defendants by their solicitors and demur to the bill as amended of complainant, and for causes of demurrer assign the following:

"First. Said bill as amended shows that Florence Beale Doran, the wife of complainant, was a nonresident of the state of Mississippi at the time of her death, and that she resided in the county of Champaign, state of Illinois, and that the complainant was a nonresident of the state of Mississippi, and that he resides in the state of Arkansas.

"Second. Under complainant's renunciation, made in Illinois, he was bound to take such legal share of his wife's estate as is accorded to him by the laws of Illinois, and is not entitled to share in said estate as is accorded by the laws of Mississippi.

"Third. The renunciation of the provisions of the will made and probated in the state of Illinois, the place of residence and domicile of the wife of complainant at the time of her death, does not have the effect to render the estate intestate, so that the husband can take that portion of the real estate of his wife situated in Mississippi claimed by said bill. His rights in the premises are governed by the law of the domicile.

"Fourth. The renunciation of the husband in the proper court of the domicile of the testatrix in Illinois would have the effect to entitle him to whatever rights he might have by the laws of the domicile, but would not, and does not, have the effect of a legal renunciation, or the entire absence of any provision for him in the will, made, or existing under the laws of the state of Mississippi.

"Fifth. The complainant in this cause does not take an interest in the lands described in his bill in accord-

ance with the laws of Mississippi governing the descent, distribution, and inheritance of land in Mississippi.

"Sixth. The conveyance of S. M. Cox and wife to Jane R. Beale, Florence Beale Doran, and E. J. Beale, made Exhibit B to complainant's bill, created an estate of joint tenancy as between said Florence Beale Doran and E. J. Beale, and the interest of Florence Beale Doran as joint tenant at her death passed to said E. J. Beale, and did not pass by her will and was not subject to devise by her.

"Seventh. The land cannot be partitioned until after the satisfaction of the incumbrances on same as shown by the pleadings and exhibit which matures November 12, 1914.

"Eighth. The bill and amended bill of complaint and the exhibits therewith filed show that complainant has no interest whatever in the land described in said bill, and is not entitled to the relief sought by him in this cause.

"Ninth. Said bill and amended bill are otherwise informal, defective, and insufficient; and defendants pray the judgment of the court if they shall be required to make further answer thereto."

*W. L. Dyer,* for appellant.

The demurrer of defendants to the bill of complaint as amended should have been overruled by the chancellor; there is no merit in any of the nine objections alleged in the demurrer. In reality, there is but one question of law arising on this whole record, and that is whether or no the surviving husband of Mrs. Doran inherits under the law of Mississippi a half interest in her lands in this county, despite the will; and this question the chancellor decided wrongly.

Inasmuch as there are several other grounds alleged in defendants' demurrer to the bill, I desire to discuss them before proceeding to the main question. The first

allegation of the demurrer is a statement of the respect-
ive residences of complainant and his wife at the time of
her death; this is a correct statement of the facts, as may
be seen by reference to the bill. Its weight as matter of
law is beyond me, so I pass it on up to the wisdom of the
court.

The ground alleged in the demurrer sets up an estate
of joint tenancy between Ed. J. Beale and Mrs. Florence
Doran as to the four-fifths interest owned by them jointly,
and asserts that her interest passed at her death to him
by survivorship.

This is a very strained construction to give Cox deed,
and is at war with the actual construction put on that in-
strument by the parties themselves in this very record.
They have pleaded Mrs. Doran's will in bar of this
suit; they have probated it here, and it is not contended
that she has any property anywhere else in the state
than in this county; and they have procured and recorded
young Doran's deed to his interest in this very land.

If this construction were the true one it would leave
Mrs. Doran's Illinois estate in the paradoxical position of
paying her share of the six thousand five hundred dollar
note on the Holmes county land, which no longer be-
longed to her or her heirs; perhaps the executor might
plead failure of consideration and thereby escape.

The granting clause of the Cox deed, upon which coun-
sel seek to put this construction, is in these words: ''Do
hereby convey, sell and warrant unto Jane R. Beale of
Champaign, Illinois, an undivided one-fifth interest, and
unto Florence Beale Doran and Ed. J. Beale, jointly, both
of Champaign, Illinois, an undivided four-fifths interest
in and to, etc.''

The word ''jointly'' used in the deed has the manifest
intention and purpose of indicating that the grantor had
no intention of conveying four-fifths to each, which con-
struction might have been placed on the clause in con-
nection with the context; this construction would have

been nonsense it is true, and not have affected the deed, but this indictment has been brought against lawyer's logic before Hamlet's time and since.

Our statute, section 2770, Code 1906, and the long expressed public policy of the state, is read into this deed and construes it as a conveyance in common; there is no hint in the whole tenor of this conveyance, or of this transaction, except the word "jointly," of any intended right of survivorship. As to the antiquity of this public policy see *Bichols* v. *Denny*, 8 George, 64.

We submit in view of the expressed public policy of the state that the word, "jointly," alone in this deed is not sufficient to create the right of survivorship, and that the conveyance is one in common.

Counsel contend in their seventh allegation that the land named in this bill cannot be partitioned until the encumbrance thereon is discharged. In this we think they are clearly mistaken; section 3525, Code 1906, confers this express jurisdiction and discretion on the chancery court. Furthermore, the bill seeks an apportionment of the encumbrance "if it can be had without impairing the security of the creditor." This surely is not demurrable. We submit that this objection to the bill was not well taken. Of defendants eighth ground of demurrer, it is sufficient to say that it is in direct conflict with the second, third, fourth and fifth grounds set up by them in this same demurrer.

I submit these objections as a complete answer by defendants to the eighth ground. The second, third, fourth, and fifth grounds of demurrer may be considered as one, since they present together the whole question in controversy.

In substance, they set up the claim that the husband (the complainant) takes only such interest in his deceased wife's land as is given him by the laws of her domicile, the state of Illinois; in other words, that the statutes of Illinois run, extra-territorially in Mississippi,

to the exclusion of the laws of this state, the jurisdiction wherein the land is situated.

The chancellor in sustaining the demurrer declares, judicially, this to be a correct proposition of law, and the law of the state. If there is any authority for this position in the law of this state, or of Illinois, or any other common-law state, I have been unable to find it.

On the broad proposition, the universal rule is in opposition to the position of the counsel and the holding of the court. *Blanchard* v. *Russell,* 13 Mass. 4; Story on Conflict of Laws, S. C. 20; *Laprice* v. *Gereaudeau,* Walker, 483; *Heirn* v. *Bridault,* 8 George, 229; *Garland* v. *Rowan,* 2 Smedes & Marshall, 617.

As to personalty, the court adopts the general rule as set out in Story, and overrules the earlier case of *Duncan* v. *Dick,* Walker, 281, if that case be considered to support that doctrine. The court says further, as to personalty, page 629, ''No authority is cited in support of the attempted distinction between a claim on a share of the personal estate made by the wife, or by a distributee. We have not been able to find any, unless it be the case in Walker. The various statutes of distribution seem to place the rights of the two classes on the same footing, and the elementary writers regard them in the same light, so far as the nature and character of their respective interests are concerned. The extent of the interest is another matter.''

In *Ball* v. *Phelan,* 94 Miss. 339, a Tennessee will disposing of land in Mississippi, and which case is a monument to the industry and learning of both court and counsel, Judge Whitfield uses almost the language of *Garland* v. *Rowan*: ''The rules of interpretation and construction are very accurately set forth in 22 Am. & Eng. Ency. of Law (2 Ed.), p. 1366, et seq. The land in this case is in the state of Mississippi. Nothing can be better settled than that the title to real estate is governed solely by the law of the place where the property

is situated." *Peet* v. *Peet*, 229 Ill. 341, 13 L. R. A. (N. S.) 781; 1 Redfield on Wills, page 398.

By our bill, we have made claim to our legal interest and share in this estate, as suggested in *Kelly* v. *Alfred*, 65 Miss. 495, and under the law the complainant is entitled to it. These sections, and the statute abolishing dower and courtesy, have wrought: a complete change in the policy of the state as to the relations of husband and wife. There are some decisions, and expressions in opinions, that seemingly support the position of counsel in their demurrer, and the decree of the chancellor sustaining it.

Upon a careful examination of these opinions, I think, the court will find no warrant for the decree appealed from, leaving aside the change made by the statute of 1890. With the exception, so far as I remember, of *Cox* v.- *Wilson*, 49 Miss. 541, these cases deal with personal property alone. And even this case, decided years before our present statute, is insufficient to sustain the de-. cree.

*Noel, Boothe & Pepper*, for appellees.

We cannot wholly agree with counsel for complainant; but do agree thus far and no further: Jane R. Beale acquired one-fifth, and Ed Beale and Florence Beale Doran four-fifths jointly, and as joint tenants; for it "manifestly appears from the tenor of the instrument" from Cox and wife, that it was intended to create an estate in joint tenancy or entirely with the right of survivorship in Ed J. Beale and Florence Beale Doran, to four-fifths of said land and lots. All of said vendees were parties to this contract. If this be not the proper, legal conclusion and effect of the instrument, why did the parties to the deed "convey and warrant unto Jane R. Beale an undivided one-fifth interest" and "unto Florence Beale Doran and Ed. J. Beale jointly an undivided four-fifths interest," instead of conveying to each of them an undivided two-fifths interest?

In support of our contention we respectfully refer to section 2441, Code 1906. By the act of March 4, 1803, re-enacted in 1822, section 12, page 236, Code 1824, and How. and Hutch. Code, section 59, page 357, the right of survivorship in land was abolished in the following language: "Section 59. If partition be not made between joint tenants, the parts of those who die first shall not accrue to the survivors, but shall descend or pass by devise, and shall be subject to debts, charges, courtesy, or dower, or transmissible to executors or administrators, and be considered to every other intent and purpose, in the same manner as if such deceased joint tenants had been tenants in common."

But this was changed by the Code 1857, and is as follows: See Code of 1857, page 309, section 4, article 18. "Article 18. All conveyances or devises of lands, made to two or more persons, shall be construed to create estates in common, and not in joint tenancy, unless it manifestly appear from the tenor of the instrument that it was intended to create an estate in joint tenancy with the right to the survivor or survivors; provided this provision shall not apply to mortgages, or devisees, on conveyances made in trust."

The same statute with some modifications was brought forward in the Code of 1880, section 1197; Code 1892, section 2441; and Code 1906, section 2770. If the language quoted above from the deed of Cox and wife, conveying to Florence Beale Doran and Ed. J. Beale an undivided four-fifths interest jointly, to the real estate therein described, does not mean and intend a joint tenancy with the right of survivorship, it is meaningless.

As to the seventh ground of demurrer, our contention is that the proceeding for partition is premature. Section 3525, Code 1906, authorizing the apportionment of incumbrances evidently has reference to those due or past due and payable, and not to incumbrances not due; and then only if partition be made of land so encumbered.

and it be deemed proper to do so. Why should the Union Central Life Insurance Company in the year 1911 be made a party defendant and brought into court, and be forced to employ counsel to look after its interests, when the debt secured by trust deed on the property described is not due and payable until November, 1914? If the interest of complainant is not as he contends, but is, as we will hereinafter show, then this ground of demurrer is of weightier import, and a partition would not be proper even though the statute should authorize the apportionment of encumbrances not due, in a partition proceeding.

Appellees stand upon the following propositions: First, the act of renunciation by the husband of the will of the wife probated in Illinois. Her domicile, does not carry with it the legal effect to render her estate in Mississippi subject to the law of descent and distribution in the state of Mississippi; second, the renunciation of the husband in the proper court of the domicile of the testatrix in Illinois, can only have the effect to entitle him to whatever rights such act of renunciation would give him under the laws of the domicile; third, a renunciation of a foreign will is unauthorized by our law, and the act of renunciation of the complainant, does not have the like effect of a renunciation made in a Mississippi forum in a proper case, and did not have the effect that the entire absence of any provision for the husband in the will of the wife probated in the proper court in this state as the domicile of the wife, would have in such a case.

These propositions have been settled affirmatively in this state. We do not take issue with counsel for appellant, in his contention supported by Judge STORY in his conflict of laws, and Judge WHITFIELD, in *Ball* v. *Phelan,* 94 Miss. 239, that the title to real estate is governed solely by the law of the place where the property is situated. And that is not the question we raise.

The supreme court, speaking through Judge WHITFIELD in *Ball* v. *Phelan,* says, in effect, that though title

to real estate is governed solely by the law of the place where the property is situated, yet where the inquiry is directed to the ascertainment of the intention of the testator from the language of the will, the *lex domicilii* controls; and where a testator has used in his will technical terms to which the courts of his domicile have attached a settled judicial meaning constituting a rule of property in that state, the courts of other states construing the testament will give to such words the same meaning; thus establishing our contention, as a general proposition, that the general effect and interpretation of a will is governed by the law of the domicile.

After citing other authorities in support of the rule as to what law governs the title to real estate, counsel for appellant says: "In the light of these authorities, I submit that the descent and distribution of the property named in the bill of complaint is governed absolutely and solely by the statutes of Mississippi, and without reference to the laws of Illinois, though those statutes are in entire accord with ours, except as to the extent of the estate involved."

Our reply is, this would have been so had Florence Beale Doran died intestate, a fact which counsel seems to forget or ignore. He says, however, that since Mrs. Doran did not remember her complainant husband in her will, that she died intestate; and having so died intestate her estate in Mississippi descends by the law of descent and distribution in that state, and cites sections 1651, 5086 and 5087, Code 1906.

The last two sections apply when Mississippi is the domicile of the testator or testatrix. In one case the will may be renounced in the court where probated, and in the other it may be ignored. They do not apply to an Illinois will probated at the domicile of the testatrix in the county of Champaign in that state.

Nor does the case of *Kelly* v. *Alfred*, 75 Miss. 495, apply to the instant case.

Counsel for appellant frankly admits that there are
some decisions, and expressions of opinion that seemingly
support our position in·our demurrer and the decree of
the chancellor, but he expresses the conviction that upon
a careful examination of these opinions this court will
find no warrant for the decree appealed from.

Let us now look at the law governing the question raised
from as far back as 1844 to the present time. The case
of *Garland* v. *Rowan,* 2 S. & M. 617, was that of a will
made by a citizen of Virginia, domiciled in that state at
the time of his death, but owning lands and slaves in this
state. The will was admitted to probate in Virginia and
in this state. The widow renounced the provisions of the
will in her favor and claimed dower in the realty and her
share of the personalty according to law. The renuncia-
tion was made and recorded in both states. No question
was raised as to her right to dower. The court held that
in the distribution of the personal estate of deceased
persons the law of the domicile governs, and that the
widow was entitled to be endowed of the personal estate
of her deceased husband according to the law of the place
of the domicile of her husband.

We respectfully call the attention of the court to the
succinct statement of fact on page 617. *Slaughter* v.
*Garland,* 40 Miss. 172; Story on Conf. Laws, 348, sec. 474;
Ib. 402, sec. 479e; 40 Miss. 174.

We have found no law authorizing the renunciation
of a foreign will ·in our.courts.

We have found no law declaring expressly or by im-
plication that the effect of such renunciation under a for-
eign law, and the terms on which it is allowed here, are
determined by the laws of this state.

In fact, we have found no statute and no decision of
our supreme court, that either directly or indirectly ab-
rogates the rule laid down in *Slaughter* v. *Garland.*
*Wells* v. *Wells,* 6 Geo. 639, is not adverse to our conten-
tion.

In *Wilson* v. *Cox*, 49 Miss. 539, the rule laid down in *Slaughter* v. *Garland* was expressly affirmed. The contention of appellees briefly stated is as follows: Even though complainant's interest in the land and lots described in his bill, of which partition is sought be as claimed by him, it is not proper in this cause to partition said land and apportion the incumbrance for reasons already stated.

Complainant's claim that as his name is not mentioned in the will of his deceased wife, and no provision whatever is made for him in said will, probated in Champaign, Illinois, and there renounced by him, that his wife died intestate as to him, and that he is entitled to one-half of the land of which she died seized and possessed under the Mississippi statute of descent and distribution. This claim is not well founded for the following reasons:

First, the interest purchased from Cox and wife as joint tenants with right of survivorship with E. J. Beale, went to the latter at her death; second, the interest in said real estate derived by descent from her mother, Jane R. Beale, passed by said will to her son, Edwin B. Doran, and by him was conveyed to his aunt Ida Beale; third, the act of renunciation of said will in the court of the domicile did not render the estate of his wife intestate as to him and vest him with the right to claim one-half of all the real estate of which she died seized, in fee; nor did her failure to provide for him in said will render her estate intestate as to him; but, such act of renunciation and such failure have only such effect upon his legal rights as the law of the domicile allows.

Said the court in *Wilson* v. *Cox*, already quoted, "To hold that a foreign will may be renounced in the forum of the domicile, but as to the property in another state the widow (husband) may take such distributive share as its law prescribes might lead to consequences the most absurd."

At the proper time, and after the full discharge of the mortgage debt, complainant if then entitled to share in

said land and lots as a tenant in common, will receive one-thirtieth undivided interest therein for life in accordance with the law of the domicile.

It follows from the established rule of our supreme court in cases of this sort, founded upon unanswerable reasons and irresistible logic, that the chancellor did not err in sustaining the demurrer of appellees and dismissing complainant's bill, and that, the decree of the chancery court ought to be affirmed.

SMITH, C. J., delivered the opinion of the court.

On March 13, 1906, S. M. Cox and wife conveyed and warranted "unto Jane R. Beale of Champaign, Illinois, an undivided one-fifth interest, and unto Florence Beale Doran and Ed. J. Beale, jointly, both of Champaign, Illinois, an undivided four-fifths interest in and to" the land here in controversy. Jane R. Beale, who was the mother of Ed. J. Beale and Florence Beale Doran, died intestate in Illinois, leaving as her heirs at law the two children just mentioned and another daughter, Ida Beale. All of these parties, except Ed. J. Beale, were residents of the state of Illinois, the last named being a resident of the state of Mississippi. On May 8, 1911, Florence Beale Doran died at her residence in Illinois, leaving a last will and testament, which was duly probated in the proper court in that state. On June 17, 1912, a duly authenticated copy thereof was admitted to probate in the chancery court of Holmes county, Mississippi, in which county the land here in controversy is situated. No provision was made in this will for the husband of the testatrix, and by it her whole estate was devised to her only child, E. B. Doran, for life, with remainder to his lawful issue should he die leaving such, and, in default thereof, to Ida Beale. Afterwards, appellant renounced this will in the county of the state of Illinois where it was probated. At the time of the death of Florence B. Doran, she and appellant were living apart, though not

divorced; he being then a resident of the state of Arkansas. After the death of his mother, E. B. Doran executed and delivered to Ida Beale a deed to all of his interest in the property here in controversy. There is an outstanding deed of trust on this land to the Union Central Life Insurance Company, securing to it the payment of the sum of six thousand five hundred dollars, due and payable on November 24, 1914. On the 11th day of October, 1911, appellant filed his bill in the court below praying for a partition of the land, and claiming to be the owner, under the laws of the state of Mississippi of one-half of the interest therein of which his wife died seised and possessed. This will, together with appellant's renunciation thereof, is set forth in the bill and amendments thereto. From a decree sustaining a demurrer to this bill, this appeal is taken.

This demurrer contains a number of grounds, and the reporter will set it out in full.

In support of the sixth ground of demurrer it is argued that by the use of the word "jointly" immediately following the designation of Florence Doran and Ed. J. Beale as grantees in the deed from Cox and his wife, they were created joint tenants with the right of survivorship. In this counsel are in error. It may be that prior to the enactment of our statute which now constitutes section 2770 of the Code of 1906, the use of the word in this connection would have conferred an estate in joint tenancy, with the right of survivorship, for every presumption then was in favor of the creation of a joint tenancy by the conveyance of an estate to two or more persons without the clear indication of an intention that it should be divided among them; but this statute reversed this presumption, and such a conveyance must now "be construed to create estates in common, and not in joint tenancy or entirety, unless it manifestly appears from the tenor of the instruments, that it was intended to create an estate in joint tenancy or entirety with the

right of survivorship; but this provision shall not apply to mortgages or devises, or conveyances made in trust.'' The use of the word ''jointly'' in this deed is consistent with an intention to simply convey the interest designated to both of the two grantees, and it cannot be said that by its use the grantor manifestly intended to create a joint tenancy with the right of survivorship. Had he desired so to do it would have been so easy to have said so in express words. *Mustain* v. *Gardner,* 203 Ill. 284, 67 N. E. 779.

The seventh ground of demurrer is clearly untenable. Section 3521 of the Code of 1906, which provides for the partition of land held by two or more persons in common, contains no exceptions relative to land on which there is an incumbrance. Section 3525 recognizes this right of partition of such land, expressly provides for the apportionment of the incumbrance thereon if ''it be deemed proper to do so,'' and contains no provision that this shall be done only after the maturity of the debt secured. Whether or not it is proper to apportion an incumbrance upon land partitioned must be determined by the facts of each case.

The remaining grounds of the demurrer will be considered and disposed of together. With reference to these counsel for appellant say in their brief that they ''stand upon the following propositions:

''First, the act of renunciation by the husband of the will of the wife probated in Illinois, her domicile, does not carry with it the legal effect to render her estate in Mississippi subject to the law of descent and distribution in the state of Mississippi.

''Second, the renunciation of the husband in the proper court of the domicile of the testatrix in Illinois can only have the effect to entitle him to whatever rights such act of renunciation would give him under the laws of the domicile.

''Third, a renunciation of a foreign will is unauthorized by our law, and the act of renunciation of the com-

plainant does not have the like effect of a renunciation made in a Mississippi forum in a proper case, and did not have the effect that the entire absence of any provision for the husband in the will of the wife probated in the proper court in this state as the domicile of the wife would have in such a case.''

We have not been advised, and have not endeavored to ascertain, what the law of Illinois is relative to the right to renounce a will, and the effect thereof upon the descent of land therein devised. We will assume, as counsel evidently have done, that it was necessary for appellant to renounce the will; that this was properly done in Illinois; that effect will be given thereto here; and that the demurrer was properly sustained, unless appellant, by reason of having renounced the will, is entitled to such an interest in the land as is provided by our statutes of descent and distribution.

The question here presented is not a new one, for it arose and was disposed of adversely to appellant, as early as 1844, in the case of *Garland* v. *Rowan,* 2 Smedes & M. 617. In stating and deciding this case, the court, in its opinion, said: ''This is the case of a will made by a citizen of Virginia, domiciliated in that state at the time of his death, which occurred there, but owning lands and slaves in this state. The will was admitted to probate in Virginia, and subsequently in this state. The appellee, who is the widow of the testator, renounced the provisions of the will made in her favor, and claimed her dower in the realty and her share of the personalty according to law. That renunciation was made and recorded in Virginia, and in this state, as appears from the record. The point presented for determination is whether, as to the property in this state, the widow is entitled to participate according to our own laws, or according to the laws of Virginia, the place of the domicile of herself and her late husband. It is admitted that by the laws of Virginia, the wife is entitled to only one-

third of the personalty for her life, whilst by the laws of this state, when as in this instance, there are no children, she is entitled to one-half in fee simple. To the parties thereto, the decision is of much importance. It may be as well to remark in the commencement that as to the real estate there is no diversity of opinion; it is universally conceded that such estate is governed, in its transmission and descent, by the laws of the country in which it is situated. In relation to the distribution of personalty, the law, though formerly the subject of much controversy, appears to be well settled that the law of the domicile of the decedent is in general to give the rule.'' The court then proceeded at length to show why personal property should be distributed according to the law of the domicile of the decedent. The decree of the court below was founded upon the rule that both the realty and personally would descend and be distributed according to the law of Mississippi, and this decree was reversed in so far as it applied to the personalty, and appellee adjudged to be entitled to a distribution thereof according to the laws of Virginia; but it was affirmed in so far as the disposition made of the real estate was concerned. The authority of this case is somewhat weakened by reason of the fact that counsel for the appellant therein seemed to have tacitly conceded that, in so far as the real property was concerned, the court below properly held that it should be dealt with according to the laws of the state of Mississippi. It is in accordance, however, with the practically universal rule, in the absence of statutes providing to the contrary, that real estate will descend according to the law of the place where it is situated, and the general, but not so universal, rule that personal property will be distributed according to the law of the domicile of the deceased, and has stood from its rendition apparently unchallenged. This case is cited by counsel for appellee in support of their contention, and they refer to the fact that no question was raised

106MISS.21

therein relative to the widow's right to dower; but, as before stated, this simply weakens, but does not destroy, the authority of the case.

The other cases relied on by counsel for appellees are *Slaughter* v. *Garland,* 40 Miss. 172, and *Wilson* v. *Cox,* 49 Miss. 539. After the decision in *Garland* v. *Rowan,* the following statute was enacted by the legislature: ''All personal property situated in this state shall descend and be distributed according to the laws of this state regulating the descent and distribution of such property, regardless of all marital rights which may have accrued in other states, and notwithstanding the domicile of the deceased may have been in another state, and whether the heirs or persons entitled to distribution be in this state or not; and the widow of such deceased person shall take her share in the personal estate according to the laws of this state''—and which is now section 1648 of the Code.

In *Slaughter* v. *Garland, supra,* which involved the distribution of personal property only, the court was asked to hold that, where a widow renounces the will of her husband, probated at his domicile in a foreign state, the personal property owned by him in this state should be distributed according to the laws thereof, and not according to the laws of decedent's domicile. This the court declined to do, but adhered to the rule announced in *Garland* v. *Rowan,* and showed why it was that the statute had not changed it. In *Wilson* v. *Cox* no question of the effect of a renunciation of a will probated in a foreign state upon the descent of land situated in this state was involved. In that case, the testator lived and died in Louisiana, made no disposition of the land owned by him in Mississippi, and the court simply held that as to such land he died intestate, and the widow's interest therein was governed by the laws of this state. It is true that there is a valuable discussion therein relative to the effect of a renunciation of a will, but the point itself was not involved in the decision.

The argument of counsel for appellees in effect is that when appellant renounced his wife's will, he thereby elected to take that portion of her estate to which he is entitled under the law of descent and distribution of the state of Illinois. It is true that appellant, by renouncing his wife's will, elected to take the portion of her estate to which he is entitled under the law of descent and distribution, but not necessarily the law of descent and distribution of the state of Illinois. His election was to take that portion of her estate to which he is entitled under the laws which governs the descent and distribution of her property; and the law governing the descent of real estate is the law of the place where situated.

Reversed and remanded with leave to appellees to answer within sixty days.

*Reversed and remanded.*