## Davis *et al. v.* Miller.

(In Banc. December 8, 1947. Suggestion of Error Overruled, January 12, 1948.)

[32 So. (2d) 871. No. 36619.]

**Watkins & Eager**, of Jackson, for appellants.

Creekmore & Creekmore, of Jackson, for appellee.

Satterfield, Ewing & Hedgepeth and Raymond W. Miller, all of Jackson, amicus curiae.

Argued orally by **W. H. Watkins**, for appellants, and by **W. H. Creekmore**, for appellee.

**Griffith, P. J.**, delivered the opinion of the court.

Mrs. Agnes M. Miller died testate on May 26, 1946. She left no child or descendants of children, her surviving husband, appellee here, being her sole heir at law. Her will was probated June 14, 1946. Her husband not being satisfied with the provisions of the will renounced it on July 15, 1946. The value of the estate disposed of by the will is estimated at $90,000. The surviving husband had a separate estate estimated at $30,000. The question before us, and the only question, is what portion of the willed estate does the husband take.

Three statutes are involved. These are Sections 470, 668 and 670, Code 1942, and they are as follows:

"Sec. 470. Descent of property as between husband and wife.—If a husband die intestate, and do not leave children or descendants of children, his widow shall be entitled to his entire estate, real and personal, in fee-simple, after payment of his debts; but where the deceased husband shall leave a child or children, by that or a former marriage, or descendants of such child or children, his widow shall have a child's part of his estate, in either case in fee simple. If a married woman die, owning any real or personal estate not disposed of, it shall descend to her husband, and her children or their descendants, if she have any surviving her, either by a former husband or by the surviving husband, in equal parts, according to the rules of descent. And if she have children, and there also be descendants of other children, who have died before the mother, the descendants shall inherit the share to which the parent would have been entitled if living, as co-heirs with the surviving children. But if she have no

children or descendants of them, then the husband shall inherit all of her property.''

"Sec. 668. Right to renounce will in certain cases. When a husband makes his last will and testament, and does not make satisfactory provision therein for his wife, she may, at any time within six months after the probate of the will, file in the office where probated a renunciation to the following effect, viz.: 'I, A B, the widow of C D, hereby renounce the provision made for me by the will of my deceased husband, and elect to take in lieu thereof my legal share of his estate'; and thereupon she shall be entitled to such part of his estate, real and personal, as she would have been entitled to if he had died intestate, except that, even if the husband left no child nor descendant of such, the widow, upon renouncing, shall be entitled to only one-half of the real and personal estate of her deceased husband. The husband may renounce the will of his deceased wife under the same circumstances, in the same time and manner, and with the same effect upon his right to share in her estate, as herein provided for the widow.''

"Sec. 670. Where wife or husband has a separate estate. In case the wife have a separate property at the time of the death of her husband, equal in value to what would be her lawful portion of her husband's real and personal estate, and he have made a will, she shall not be at liberty to signify her dissent to the will, or to renounce any portion or bequest therein in her favor, and elect to take her portion of his estate. But if her separate property be not equal in value to what would be the value of her portion of her husband's estate, then she may signify her dissent to the will, as in other cases provided by law, and claim to have the deficiency made up to her, notwithstanding the will; and the court in which the will is probated may appoint three commissioners to ascertain by valuation of the estate what her lawful portion thereof would be worth, and the commissioners shall also value her own separate estate, and report their valuation to the

court, whereupon the court shall make the proper order for allowing her to share in her husband's real and personal estate to make up the deficiency after the following rule: If her separate property be equal in value to two-thirds of what she would be entitled to, she shall have one-third of her lawful portion of the land and one-third of what would be her distributive share of the personalty. If her separate property be worth half in value what she would be entitled to, then she shall be entitled to half her lawful portion of real estate and half of what would be her distributive share of the personalty. If her separate property be worth only one-third in value what she would be entitled to, then she shall be entitled to two-thirds of her lawful portion of real estate and two-thirds of what would be her distributive share in the personalty. But this section shall not preclude or prevent any married woman from renouncing the provisions of her husband's will, and electing to take her lawful portion, if her separate property do not amount in value to one-fifth of what she would be entitled to. This section shall apply to a husband renouncing the will of his wife, and shall govern as to his right to share in her estate in such case.''

It will be seen at once that the inquiry turns upon what is meant by his or her lawful portion of the willed estate as that term is used in Section 670. Appellee's contention, sustained by the Chancellor, is that inasmuch as he is the sole heir at law his lawful share is the entire property subject however to the limitation or exception expressed in Section 668 that his portion shall in no event exceed one half, and that as applied to the particular case his lawful portion is $90,000, less his separate property $30,000 which leaves $60,000, cut down by the statute to one-half or $45,000.

Appellants' contention is that the lawful portion of the husband is one-half or $45,000 from which is to be deducted his separate property $30,000, which leaves a

deficiency of $15,000 to be made up to him out of the willed estate.

Or to state the contentions in other words, appellee urges that because of the renunciation the wife must be treated as an intestate as to all her property so that thereby it would all go to her husband subject only to the limitation or exception imposed by Section 668 that in any event the husband shall not take exceeding one-half, while appellants argue that the effect of the renunciation is to make the wife an intestate as to one-half only of the willed property, leaving the will to stand as to the other half.

We think this Court has decided the point last above stated in accord with appellants' contention. In Laughlin v. O'Reily, 92 Miss. 121, 45 So. 193, it was held that upon renouncing the will the wife took one-half the willed property as an heir at law and the devisees took the other half under the will, thereby making the parties tenants in common. In our latest case, Edwards v. Edwards, 193 Miss. 889, 11 So. (2d) 450, we held that renouncement did not affect the validity of the will; that the will stands, but that the renouncer becomes as to his or her part an heir and the devisees as to their part remain beneficiaries under the will.

If then the maximum of one-half is taken out from under the will by the effect of the renunciation leaving the other half untouched by the renunciation, it would follow logically that the deductions mentioned in the statute on account of the separate estate must be applied to the half taken out from under the will and not to the half which stands unaffected by the renunciation, and that therefore the lawful portion mentioned in Section 670 is one-half the willed estate and not all of it.

And our Court so held in Simpson v. Simpson, 120 Miss. 197, 82, So. 3, which if followed would at once end the inquiry before us. Appellee insists however that what was said on the point in the Simpson case was obiter dictum, and that the case is not authority. We do not

pause to pursue that contention for the reason that we are of the opinion that the language of the Court addressed to the point in the Simpson case was correct and we now adopt and affirm it.

In doing so we do not think it necessary to belabor the point at length for the reason that if what is meant by the term "her lawful portion of her husband's . . . estate", as used in Section 670, is other than one-half of the willed property when the wife is the sole heir at law, then the formulas laid down in the section for making up to her any deficiency become inoperative and useless when in any case her separate estate, is less than one-half the willed estate, whereas if we start with the calculation that her lawful portion is the maximum of one-half the willed estate, then any value of her separate estate up to the maximum, will work out under the formulas set forth in Section 670.

To illustrate: The willed estate here is $90,000. If that is the husband's lawful portion, as appellee contends, from which his separate estate is to be deducted leaving $60,000, the result produced would be more than he can take under Section 668, and a few moments taken in calculation would show that the same result would follow in all cases where the husband's separate estate is worth less than one-half the willed estate, and we repeat that this would make the formulas for calculations of the deficiencies useless and of no effect in all cases where the husband's separate estate is less than the maximum portion which he could take in any event under Section 668, that is to say one-half. Whereas if the lawful portion under Section 668 is one-half the willed estate, all and every one of the formulas laid down in Section 670 will work out with practical and effective results, as it does in the present case as follows: The willed estate is $90,000; one-half thereof is $45,000. The separate estate is $30,000. Deducting the $30,000 from the $45,000 leaves $15,000 as the deficiency to be made up, thereby giving the formula an effective and practical meaning as against

the awkward and meaningless result which would be produced were the formulas to be attempted as appellee contends they should be.

Courts are not at liberty to ascribe to any statute a construction which would make a part of it, in some cases, meaningless and ineffective if another reasonable construction can be found which would give it meaning and effectiveness in all cases within its purview. 50 Am. Jur., Statutes, Sec. 358, pp. 361-4.

Reversed and remanded.