CARTER, ADMR. *v.* EVANS, et al.

No. 40466          April 15, 1957          94 So. 2d 237

*Ethridge, Minniece & Bourdeaux,* Meridian, for appellants.

*Riddell & Dabbs,* Quitman, for appellees.

■■■

HALL, J.

■■■ On December 21, 1949, Jube Blanks executed a last will and testament whereby he devised to Effie Kirksey, Emma Frost and Lifey Floyd, the sum of $500 each, and unto his brother Hilyard Blanks and his sister Martha Blanks all of the balance of his personal property of every kind, character or description, including cash, bonds and choses in action, and also to his said brother and sister a life estate in and to all of his real property, with the remainder of said real property to the living children of his said brother and sister. After the execution of said will Jube Blanks married Sarah Carter and subsequently Jube died on January 18, 1955, and his said will was admitted to probate in common form. On March 23, 1955, Sarah Carter Blanks renounced the will as provided by Section 668, Code of 1942. Thereafterward Sarah died on August 11, 1955.

This suit is between the beneficiaries in Jube's will and the heirs at law of Sarah.

It was agreed and stipulated that the gross value of the estate of Jube Blanks was $15,133.87, of which amount $6,515 constituted the value of his real property and $8,618.87 constituted the value of his personal property.

It was also stipulated that on the date of Jube's death Sarah owned a separate estate of $5,199.28, consisting of real property in the amount of $2,315 and personal property, exclusive of cash, in the amount of $150, and it was further stipulated that there was an additional sum of $2,734.28 on deposit in two banks to the account

of "Jube Blanks or Sarah Carter Blanks", both being joint and survivorship accounts but the stipulation provided that said joint account was claimed by the appellees to be a part of the estate of Jube Blanks.

It was also agreed that from the gross total of $15,133.87 included in the estate of Jube Blanks, Sarah in her lifetime was alloted by the appraisers and received from the estate of Jube the total sum of $1,853, consisting of cash in the amount of $900 and all of the personal property of Jube Blanks in the total amount of $953, excepting cash and bonds. It was also stipulated that Jube owed debts in the amount of $612.50 and that his funeral expenses were owing in the amount of $950.61 and that the administrative expenses of the estate of Jube would amount to $750.

On this stipulation the chancellor entered a decree, first adjudging the gross value of the estate of Jube Blanks to be as above set out, and further adjudged the net value, after deducting the widow's allowance, debts of deceased, funeral expenses and administrative expenses, to be $10,967.76.

He further adjudged that at the time of Jube's death the estate of Sarah amounted to $5,199.28, which amount includes the said joint account and the court found that said account was the property of the survivor Sarah and that it should be and was included in the valuation of Sarah's estate.

The chancellor further adjudged that one-half of the net estate of Jube Blanks is $5,483.88, and that this amount is $284.60 more than the net value of Sarah's estate at the time of Jube's death.

The chancellor further found that the estate should be distributed in accordance with the provisions of Section 670, Code of 1942, and that, applying the formula as laid down in said section, the heirs at law of Sarah are entitled to the sum of $284.60, being the difference

between one-half of the net estate of Jube Blanks and the net value of the estate of Sarah and that said amount should be paid to the heirs at law of Sarah from the funds on hand by the executor of the estate of Jube, and that after paying said amount and all debts and administrative expenses, the balance of the estate of Jube should be distributed in accordance with the terms of his will. From that decree the heirs and administrator of Sarah appeal.

The appellants contend that under the provisions of Section 669 of the Code of 1942 Sarah Blanks was entitled to one-half of the real and personal estate of Jube Blanks without regard to Section 670, and that in any event they were entitled to an undivided one-third interest in the real property and one-third of the net distribution of the personal property of the deceased. In the case of H. H. Myers v. Jerry Nell Brumfield Laird, et al., No. 40,443, in an opinion handed down on March 25, 1957, which has not yet been reported, we held contrary to these contentions of the appellant. That opinion is so recent that we do not consider a further discussion of the point to be necessary.

■■ ■ Appellants further contend that the funds on deposit in the joint bank accounts were not properly a part of the separate estate of Sarah Blanks, which contention was also answered adversely in the case just referred to, as well as in the case of Shearin v. Coleman, 201 Miss. 193, 28 So. 2d 841, and Edwards v. Jefcoat, 92 So. 2d 342, not yet reported in the State Reports.

Appellants contend that even though the funds in the joint bank account might be properly considered as a part of the separate estate of Sarah Blanks, still the chancellor did not correctly apply the formula set out in Section 670 and that under said section the appellants were at least entitled to one-third of one-half of the real estate and personal property. We think that the chan-

cellor applied the exact formula set forth in Code Section 670 as interpreted by this Court in the case of Davis v. Miller, 202 Miss. 880, 32 So. 2d 871.

Affirmed.

*Roberds, Holmes, Ethridge* and *Gillespie*, JJ., concur.